MICHAEL HICKEY, Respondent, *v.* JOSHUA H. DRAKE, Appellant.

1. *Practice, civil — Chancery, issues in, opinion of the jury may be taken touching, etc.*— In the progress of a chancery proceeding the chancellor has the undoubted right to take the opinion of the jury on one or all of the issues arising in the cause. He may adopt their conclusion, but is not bound by it.
2. *Equity — Vendee of land, mistake by, good ground for setting aside the contract, when.*— A mistake on the part of the vendee, when he makes a contract for the purchase of land, relying on the false representations of the vendor, is good ground for rescinding it.

*Appeal from Livingston Court of Common Pleas.*

*L. T. Collier*, for appellant.

*Broaddus & Pollard*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The petition was in the nature of an equitable suit to procure the rescission of a contract and the cancellation of certain deeds and notes made in conformity therewith.

It is alleged by the respondent, Hickey, that on the 19th day of November, 1868, he entered into a contract with the appellant, Drake, whereby Drake agreed to sell him the northwest quarter of section 30, also the southwest fourth of the southwest quarter of section 19, all in township 57, range 23, in Livingston county, for the consideration of $1,716, of which amount $80 was paid

24—VOL. XLVII.

down, and $420 to be paid in fifteen days thereafter, at which time Drake was to make to him a good and sufficient deed for the premises, upon condition that he would make and deliver to Drake three good promissory notes, dated November 19, 1868, bearing ten per cent. interest, due respectively in one, two and three years, for $405 each, the same to be secured by a deed of trust on the real estate sold. There is an averment of compliance with all these terms by Hickey; and it is stated that Drake, in writing the agreement and the deed, inserted therein the southeast quarter of the southeast quarter of section 24, instead of the southwest quarter of the southwest quarter of section 19; that the last described tract of land was good timber, and was the inducement to the purchase of the whole, as the other piece was prairie and was not valuable without the timber; that the forty-acre tract actually conveyed was not worth as much by $800 as the tract contracted for; that at the time Drake sold Hickey the southwest quarter of the southwest quarter of section 19 he did not own the same, and well knew that he was not the owner of the same, but falsely and fraudulently represented that he was such owner for the purpose of inducing Hickey to buy the northwest quarter of section 30, the other piece of land contracted for.

The answer admitted that Drake was not the owner of the southwest quarter of the southwest quarter of section 19, but denied that there was any mistake or fraud or misrepresentation. To this answer there was a replication.

Upon the hearing of the cause the court framed and submitted to the jury the following issue: " Did the defendent (Drake) on or about the 19th day of November, 1868, sell to the plaintiff (Hickey) the southwest quarter of the southwest quarter of section 19, township 57, range 23, situated in Livingston county, Missouri, instead of the southeast quarter of the southeast quarter of section 24, township 57, range 24, in said county and State?" The jury, after hearing the evidence, by their verdict responded in the affirmative and found that the sale was for the southwest quarter of the southwest quarter of section 19, instead of the southeast quarter of the southeast quarter of section 24, the land actually conveyed. The court then rendered its decree, in con-

formity with the prayer of the petition, ordering the delivery up and cancellation of the notes and deeds — re-investing the title in Drake — and gave judgment for the recovery back of the money paid by Hickey.

It is contended that the finding of the jury did not justify the decree, and the court erred in making the same without hearing further testimony. But the case shows that the testimony was all in. The issue submitted and the finding of the jury did not cover the entire case, but that was not essential.

In the progress of a chancery proceeding the chancellor has the undoubted right to take the opinion of a jury on one or all of the issues arising in the cause. He may adopt their conclusion, but is not bound by it. The question submitted in this case was a leading one, and the finding of the jury was merely an aid to the judge trying the cause, but did not prevent his passing on what bearing the evidence might have on the other branches of the case. The main fact being found, the others seemed to flow almost necessarily as a corollary.

The evidence places the rightfulness of the decree beyond all question. It shows that Hickey was a stranger residing in Illinois, and that he relied solely upon the representations of Drake as to the boundaries of the land and what land was included in the purchase. Drake went with him and pointed out the lines and located the corners. Hickey expressed his great satisfaction at the excellence and character of the timber, and congratulated himself upon having a sufficient quantity to fence his prairie and build his house. Drake kept up the delusion, and Hickey was never made aware of the deception till he moved on the premises and commenced cutting the timber, when he was stopped by the lawful owner and warned against proceeding further. His great inducement to the purchase thus utterly failed. Where there is a clear mistake it is always a ground for rescinding the contract or for refusing to enforce its specific performance. A mistake by the plaintiff, where he made the contract relying on the representations of the defendant, is surely a good ground for rescinding it.

Under all the circumstances we think the case was rightfully decided, and that any other decree would have been inequitable.

Judgment affirmed. The other judges concur.