E. B. BERBERET, Respondent, v. CITY OF EDINA, Appellant.

St. Louis Court of Appeals, November 24, 1885.

EQUITY—APPELLATE PRACTICE.—In equity proceedings where the evidence is very conflicting, an appellate court will defer to the opinion of the trial court upon issues of fact, and will affirm the judgment.

APPEAL from the Knox County Circuit Court, BEN. E. TURNER, Judge.

*Affirmed.*

B. S. DAVIS, for the appellant.

G. R. BALTHROPE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was a proceeding by injunction to restrain the defendant from committing a trespass upon the plaintiff's land by opening, without condemnation proceedings, a pretended street through it. The plaintiff had bought a small tract of land within the city of Edina; had fenced it up, and was using it as a brick yard. The board of mayor and aldermen, on the petition of a number of citizens, and after a hearing, had passed an order declaring in effect that a lawful street existed through the plaintiff's inclosure, declaring his obstructions a nuisance, and directing the street commissioner to remove the same, and to open and re-establish the street to the width of sixty feet. It was admitted that the ground claimed as a street had never been condemned as a street. The city bases its claim of right to treat it as a street upon the ground of dedication and user as a highway for more than twenty-five years.

Whether there had been such a dedication and user was the only controverted question in the case. Upon

this question the testimony of citizens of long residence, and apparently equal credibility, was very conflicting. Quite a number testified that it had been used as a street for nearly thirty years; some placed it at a still greater length of time; while a number of others testified that it had been merely a common without any established highway upon it, but that the public had traveled over it in any direction as they chose.

The learned judge of the circuit court, after hearing this conflicting testimony, took the case under advisement until the succeeding term, and then rendered a judgment making the injunction perpetual against the city and the street commissioners.

This being a case in equity, we have jurisdiction to re-try the facts and render such a judgment as the evidence preserved in the bill of exceptions seems to warrant. But in such cases where the evidence is conflicting and such as to leave the proper conclusion in doubt, it is the practice of the supreme court and of this court to defer to the conclusion of the circuit judge, who has seen the witnesses and observed the manner of their giving their testimony. It is not easy to lay down a rule by which to determine in what cases the appellate court ought to defer to the decision of the circuit court on the facts in a case in equity; but, I think, it may very well be said that where the evidence preserved in the record is such that, if the finding of the circuit court were entirely out of the way; if we had not that to think about at all, but were called upon to decide the case for the first time, we should feel much doubt and hesitancy in determining where the truth lay; in such a case we ought to defer to the finding of the circuit court. This case certainly falls within this rule. The evidence leaves our minds so much in doubt as to the real truth of the matter that we think that we exercise our jurisdiction soundly if we say that the conclusion of the circuit judge upon the facts must prevail.

As no disputed question of law arises upon the record, the judgment will be affirmed. It is so ordered. All the judges concur.

Rombauer, J., concurring.

I concur in the foregoing opinion, holding that appellate courts should not disturb the findings of trial courts in equitable actions where the testimony is evenly balanced.  The judgment might be affirmed on that ground, taking the most favorable view of the defendant's testimony.   In my opinion, however, that testimony is defective, because it fails to define the exact location and extent of the right of way claimed by user, there being nothing to show that the right of way thus claimed covers the exact territory covered by the street which is attempted to be opened by the city.   As such showing is essential, the defence necessarily fails.