Toler v. McCabe.

W. W. TOLER *et al.*, Respondents, v. A. J. McCABE
*et al.*, Appellants.

### St. Louis Court of Appeals, January 17, 1893.

1. **Practice, Appellate**: REVIEW OF FINDINGS OF FACT IN PROCEEDINGS IN EQUITY. When the evidence in an action in equity is conflicting, the appellate court will defer somewhat to the finding of the trial court, since the latter court had the witnesses before it, and was, therefore, in the better position to judge of their credibility.

2. ———: ———: REPRODUCTION OF THE EVIDENCE. If the appellant in an action in equity desires to obtain a review by the appellate court of the finding of the trial court, he must as far as practicable reproduce in his transcript the same evidence which was before the trial court; and, in such case, where the witnesses testify as to the location of points or objects on a plat, and the location thereof is material, the points indicated by them should appear in some appropriate manner.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Livingston & Green,* for appellants.

*Olden & Orr,* for respondents.

ROMBAUER, P. J.—It is conceded by the pleadings and evidence in this case that, in November, 1890, the plaintiff sold to the defendants a part of lot 1, in block 3, of the city of West Plains, and that said lot, although somewhat irregular in its shape owing to an offset in the middle of its southern line, had a frontage of seventy-four feet by a depth of one hundred and seventy-three feet. It is also similarly conceded that, by a mistake of the scrivener who drew the instruments

of conveyance and reconveyance, both the deed of· plaintiffs to defendants, and the deed of defendants reconveying the property in trust to secure the purchase money, misdescribed this lot by locating it seventy-one feet further north than the lot actually sold was. The plaintiffs, thereupon, first having tendered to the defendants a deed correctly describing the lot, instituted the present action to compel the defendants to execute a deed of trust containing a proper description. Upon the trial of this action such proceedings were had, that the court made a decree in favor of the plaintiffs according to the prayer of their petition. From this decree the defendants appeal, assigning for error that the court erred in not granting the affirmative relief prayed for in their answer, rescinding the entire contract of sale on the ground of misrepresentation and mistake.

The answer of the defendants sets up the following facts, on which their prayer for affirmative relief was based: It first admitted that the plaintiffs intended to sell to them, and that they intended to buy, the property first hereinabove described. It then averred that, at the time, the defendants knew nothing of the actual boundaries of the lot, and relied on the plaintiffs' statement as to its location and boundaries; and that the plaintiffs' statement of the boundaries was untrue in this, "that plaintiffs showed the defendants where the line on the south side of said lot runs, when in truth and in fact such line does not run where repre-, sented by plaintiffs, but is and runs ten feet north of the line shown defendants by plaintiffs, as aforesaid, thereby leaving off of such lot ten feet on the north (south) side thereof." The answer then goes on to state that these ten feet were the most valuable part of the supposed lot; that they formed a material inducement to the purchaser; and that the lot described in

the reformed description is unfit for the purposes for which the defendants purchased the same. The answer then concludes with a prayer for a rescission of the contract, and for a judgment for the part of the purchase money paid, and for amounts expended in improvements before the mistake was discovered.

It will be thus seen that the answer is in the nature of a confession and avoidance. It first concedes that the plaintiffs sold to the defendants, and that the defendants bought of the plaintiffs, the very property described by *metes and bounds* in the petition of the plaintiffs, and then seeks to avoid the claim of the plaintiffs for relief, and seeks a rescission of the contract, on the ground of misrepresentations as to the *boundaries* of that property. This apparent inconsistency in the answer, however, was not taken advantage of in any manner by the plaintiffs, but the parties went to trial before the court, adducing evidence *pro* and *con* as to the alleged misrepresentations and their materiality. That evidence is set out in the record, as will be hereafter seen, *in part* only, and the defendants ask us to render a decree in their favor on such evidence.

We shall at the outset concede the law as claimed by the defendants, namely, that if material misrepresentations were made by the plaintiffs as to the boundaries of their property, and the defendants, relying upon such representations, were induced to consummate the bargain, then it is immaterial whether the plaintiffs made them knowingly or innocently. *Hickey v. Drake,* 47 Mo. 369; *Isaacs v. Skrainka,* 95 Mo. 517, 524, and cases cited. We will also concede that this court, in cases in equity, re-examines the evidence and renders such decree as the evidence demands. *Berberett v. City of Edina,* 19 Mo. App. 551. On the other hand, where the evidence is conflicting, all appellate courts defer somewhat to the finding of the trial court, which

had the witnesses before it, as it is in better position to judge of the credit to which their evidence is entitled than the appellate court can possibly be. *Erskine v. Loewenstein*, 82 Mo. 301, 309; *Taylor v. Cayce*, 97 Mo. 242, 249.

We are not advised whether the trial court found against the defendants on the ground that no misrepresentations were made, or on the ground that they formed no material inducement to the bargain. On both these questions it was incumbent upon the defendants to make out their case by a preponderance of the evidence. On the first question the defendants testify to the representations, but the plaintiffs deny them, and there is no outside evidence in support of either party. On the next question, the record before us is perfectly blind. The witnesses testified with a plat before them, on which they pointed out the different lines marked by letters on the plat, and the different points and objects on the ground, by pointing to them with their fingers on the plat. There is a plat in the record, but there are no letters on it, and where the different objects and points were, to which the witnesses pointed with their fingers, rests on the record before us upon the barest conjecture. The record leaves it even wholly unsettled whether there was, or was not, any deficiency in the quantity of the ground conveyed, although the answer of the defendants seems to negative any deficiency in that respect.

It must be obvious that, before an appellant can seek a view of the findings of the trial court on appeal, he must, as far as practicable, reproduce in his transcript the same evidence which was before the trial court. Where witnesses testify as to the location of points or objects on a plat, the location of which is material, the points indicated by them must appear by letters or numerals, or in some appropriate way. Where this is

not done, a review of such questions of fact becomes impracticable.

It results from the foregoing that the judgment must be affirmed, and with the concurrence of all the judges it is so ordered.