WILLIAM BURT, Respondent, v. W. H. AND ADELE RYNEX, Appellants.

1. *Chancery — Jury — Issues of fact, submission of to a jury.*—In chancery cases it is better for the court to try the whole case than to submit issues of fact to the jury. But under the statute such issues may, in a proper case, be so submitted. And the exercise of the discretion is not ground for error unless the party has plainly been injured by it. But the court is not bound by the finding, as it would be by a verdict at law. It may adopt it or not, in its discretion.

*Appeal from Linn Circuit Court.*

*A. W. Mullins,* for appellants.

This was not a case in which the opinion of a jury could properly be taken. (Wagn. Stat. 1041, § 13; Morris v. Morris,

28 Mo. 114.) Even if this had been a case in which issues might properly have been submitted to a jury, the issues here are not such as are authorized by the statute.

*F. D. Burgess* and *G. W. Easley*, for respondent.

The issues were properly made up and submitted to the jury. (Gray v. Payne, 43 Mo. 203.) As to the proper mode for framing issues and the trial thereof, see Morris v. Morris, 28 Mo. 114; McCullough v. McCullough, 31 Mo. 226.

WAGNER, Judge, delivered the opinion of the court.

Burt, the plaintiff, instituted suit against H. H. T. Grill, Jacob A. Lemon and William H. and Adele Rynex, to set aside a deed of conveyance of certain lands, executed by Burt to Lemon in April, 1861, and also a deed of the same lands from the sheriff of Linn county to the defendant, Adele Rynex, dated in April, 1863, and to obtain by a decree of court the title to the lands in himself. Lemon was never served with process, and made no appearance in the suit. Grill demurred on the ground that he was not a proper party, and the demurrer was sustained. The suit was then carried on to final judgment against W. H. and Adele Rynex, as defendants, and a decree having been rendered against them in conformity with the plaintiff's bill, they are the appellants here.

The plaintiff charges that he executed a deed to Lemon, and placed it in the hands of Grill to hold as an escrow, until Lemon should pay a certain note given for the purchase money, which note was also left in the possession of Grill; that Grill, for the purpose of defrauding and cheating the plaintiff, either delivered the deed to Lemon or caused the same to be recorded, before any part of the note was paid; that a judgment was afterward rendered against Lemon, and the lands conveyed to him by the plaintiff's deed were levied upon and sold by the sheriff, under the execution on the judgment, and that the defendant, Adele Rynex, became the purchaser; that the sheriff made to her a deed for said lands; and that she held the same in trust for Grill.

The defendants, William H. and Adele, filed an answer to the petition, denying the charges of fraud on the part of the defendants, and denying that the said Adele held the title to the land in trust for the use of Grill, and averred that she purchased the same in good faith on her account and paid full value therefor.

The defendants now object that on the trial the court framed and submitted issues to a jury, when it should have tried the case itself without the aid of a jury. The objection was not made in the court below, and it was a matter resting in the discretion of the court whether it would take the opinion of a jury upon specific questions of fact or not.

In chancery cases, where the court has to find the issues and render its decrees upon the facts, it is better for the court to try the whole case than to attempt to avoid responsibility by appealing to a jury. But the submitting of issues is authorized by statute in a proper case, and the court may pursue that course if it sees fit. The exercise of the discretion is not a ground for error unless we can plainly see that the party has been injured by it. But the court is not bound by the finding as it would be by a verdict at law; it may adopt it or not, and as we review the whole case on the evidence, we will not reverse the judgment if the facts support it, though errors may have been committed on the trial.

The only reason urged for the reversal of the judgment is the admission of illegal and improper testimony. It appears that Burt gave the deed to McClanahan to deliver to Grill, and on the, trial, and whilst he was giving evidence, the attorney asked him what instructions he gave McClanahan about the deed. This question was objected to, but the court overruled the objection and permitted the question to be asked. The question was obviously improper, and the objection should have been sustained. Any private instructions that Burt gave his agent as to what he should tell Grill to do, could not be used to operate against the defendants, especially when it is not shown that they had any knowledge of it. But the answer of the witness, although improper, was unimportant, for he testified in the same connection to the fact that he was present when the deed was put in Grill's

hands, and that he delivered the note to Grill himself and instructed him as to the disposition to be made of the papers.

McClanahan also testified that he delivered the instructions to Grill as directed by Burt. This was also objected to, but the objection was overruled. The objection is general for illegality and incompetency, but the specific reasons are not given. For one reason the evidence was admissible, and that was to fasten knowledge on Grill, which is of importance when connected with the other facts of the case. The testimony of Brown, that Grill offered to let him have the land, and stated that he had got it of Burt, we think should have been excluded. It was the simple declaration of the witness as to his ownership and title, and could not be made to affect the interest of the defendants.

The declaration of Lemon, that he did not pay anything on the Burt land, was for the same reason inadmissible, and should have been ruled out. The facts in the case seem to be these: Burt owned 120 acres of land, and sold it to Lemon for $1,200. Lemon executed his note to Burt for that amount. Burt was going away, and he placed this note in Grill's hands as his agent, and also delivered to him a deed to hold as an escrow, with directions to give the deed to Lemon when the note was paid. Burt indorsed his name on the back of the note and ordered Grill to collect it, and with part of the proceeds pay off certain debts of his. The deed to Lemon was placed on record, how or by whom is not shown. The note was never paid, but Grill delivered it to one Rooker, to whom the evidence shows that Burt owed a small amount; and Rooker brought suit against Lemon, obtained judgment, had the land levied on and sold, and at the sale Grill purchased it for his sister, Mrs. Rynex, defendant herein, for the sum of $300. Grill was the agent of both parties, plaintiff and defendants, and unmistakably acted in bad faith toward Burt, the plaintiff. He had full knowledge of all the facts, for he was the principal actor; and under the circumstances; his knowledge ought to be held to affect the defendants. I think, from all the facts, the relationship and connection of the parties, that it is an irresistible inference that the charges in the plaintiff's petition are true.

Notwithstanding the errors of the court in admitting improper testimony, I should be in favor of affirming the decree, were not a material question left out and unnoticed. Mrs. Rynex, when she bought the land, paid the purchase money, $300. That amount is credited on the execution. Burt owed some debts, and with the proceeds of the note he ordered them paid off.

It does not appear what disposition was made of the purchase money at the sheriff's sale; but if it was applied in satisfaction of Burt's debts, he ought not to have the land and the money too. He should refund to Mrs. Rynex before he gets full equitable relief. If he asks equity he should do equity.

For this reason the judgment will be reversed and the cause remanded for further proceedings. The other judges concur.