Weeke v. Senden.

———o———

CHRISTOPH WEEKE, Respondent, *vs.* GEORGE H. SENDEN, Appellant.

1. *Practice, civil—Chancery cases—Issues referred to jury—Whether their verdict can be examined in Supreme Court.*—The verdict of a jury, upon issues referred to it by the court in a chancery case, is not properly reviewable in the Supreme Court. The lower court may disregard the verdict, and decide upon the issues, or may refer them to another jury (W. S., 1041, § 13).

*Appeal from St. Charles Circuit Court.*

*Dandt, and Orrick & Emmons,* for Appellant.

*Theodore Bruere, and W. A. Alexander,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a bill in chancery for the settlement of a partnership account, in which the plaintiff claimed a large balance due him from the defendant.

The defendant as a bar to the action set up, that there had been a final and complete settlement between the parties; and denied the material allegations of the petition.

The court referred certain issues to be tried by a jury. The main issue so referred was, whether there had been a settlement between the parties of their partnership business. The verdict of the jury on the issues was in favor of the plaintiff.

The case was then referred to two referees to examine into, and report upon, the partnership accounts.

The referees appear to have made a patient and exhaustive examination of the case, and made a report of the result of their labors, with a balance sheet showing the condition of the firm at the time of the dissolution, and reporting a balance in favor of the plaintiff.

Exceptions were duly filed to this report, and, upon final hearing of the case were overruled, and a judgment entered in favor of the plaintiff against the defendant for the balance found due by the referees.

A motion for a new hearing was filed, and overruled. With this motion affidavits of newly discovered evidence were filed, and were considered by the court in overruling the motion. The defendant duly excepted to the several opinions of the court, and has appealed to this court.

I have carefully examined the record and find nothing which would warrant us in sending the case back.

The verdict of the jury on the issues is not properly examinable here. In this class of cases the court, acting as a chancellor, may take the opinion of a jury on issues arising in

the cause, but such verdict is not conclusive on the court. The court may set it aside, and submit the issues to another jury; or disregard the verdict, and pronounce upon the issues on the final hearing. (W. S., 1041, § 13.)

I see nothing in the evidence, that would warrant us in declaring that the issues were not properly found and pronounced upon by the jury and court. The same remarks may be made in regard to the report of the referees. The exceptions, in my judgment, were properly overruled.

The evidence alleged to have been newly discovered, was of the same character that had been given on the trial, and was no cause for setting aside the finding or the report of the referees. Upon the whole record as it stands before us, the judgment was for the right party.

Judgment affirmed. The other judges concur.