SNELL, *et al*. v. HARRISON, *el al*., *Appellants*.

1. **Practice in Equity Causes**: TRIAL BY JURY. In chancery causes the right of trial by jury does not exist, although the chancellor may, in his discretion, submit certain issues to a jury, but he

| 83 | 651 |
| 98 | 308 |

| 83 | 651 |
| 38a | 498 |

| 83 | 651 |
| 39a | 294 |
| 41a | 215 |

| 83 | 651 |
| 104 | 164 |

| 83 | 651 |
| 61a | 430 |

| 83 | 651 |
| 131 | 498 |

| 83 | 651 |
| 143 | 219 |

| 83 | 651 |
| 145 | 620 |

will not be bound by their finding, and may accept or reject it, as he deems best.

2. **Practice in the Supreme Court**: MOTION FOR NEW TRIAL. The action of the trial court in admitting and rejecting evidence will not be reviewed by the Supreme Court unless called to the attention of the trial court in the motion for new trial.

3. ———: FINDING OF CHANCELLOR. The finding of the chancellor in equity causes will be deferred to by the Supreme Court, unless he has manifestly disregarded the evidence.

4. ———: JUDGMENT FOR COSTS AGAINST MARRIED WOMAN. A judgment or decree which is otherwise regular and proper will not be reversed because costs are decreed against a married woman with others, and the Supreme Court will, in such case, modify the judgment and exempt her from liability for costs and adjudge them against the proper parties.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*W. W. Wood, Henry Neill* and *S. P. Sparks* for appellants.

(1) The declarations of Geo. W. Harrison, grantor, in disparagement of the title of his grantee, A. B. Harrison, were improperly admitted in evidence. Abbott's Trial Ev. 740; *Boyd v. Jones,* 60 Mo. 454; *McLaughlin v. McLaughlin,* 16 Mo. 242; *Cuyler v. McCartney,* 40 N. Y. 165; *Heinrich v. Porter,* 47 Mo. 293. So the notice, motion and action of the court on the same in the case of John Snell v. G. W. Harrison and S. E. Wells, also were improperly admitted in evidence against the heirs of A. B. Harrison and Brunetta Harrison. The verdict was for the parties complaining of these errors, and they may be reviewed, although not called to the court's attention in the motion for new trial. (2) The finding of the court was against the weight of evidence, and for the wrong party according to the evidence. If the evidence so admitted erroneously against objection of defendants

had been excluded, there would be none to support the finding and decree of the court. The court erred in sustaining plaintiff's motion to disregard the finding of the jury and in rendering its decree contrary to the verdict of the jury, and in entering a final decree for plaintiffs without a new trial. *Cochran v. Moss*, 10 Mo. 416. The submission of issues to a jury in chancery is regulated by statute in this state. R. S. 1879, secs. 3601, 3630, 3631, 3632, 3633. Juries are supposed to be the best tribunals to try questions of fact. *Fletcher v. Drath*, 68 Mo. 126. On questions of fraud in fact the verdict of a jury should not be disturbed unless the facts are entirely irreconcilable with the hypothesis of honesty and good faith. *Page v. Dixon*, 59 Mo. 43. The granting of a new trial was the practice in chancery in the absence of a statute. *Baker v. Scudder*, 56 Mo. 275; *Franklin v. Greene*, 2 Allen 519; *Griffith v. Griffith*, 9 Paige 315; *Clerk, etc., v. First Sos.*, 45 N. H. 331; *Peebles v. Peebles*, 63 N. C. 656; *Carter v. Campbell*, Gilmer (Va.) 159; 2 Daniels' Chan. Prac., p. 115; Adams' Equity, side p. 376. In proportion to the duty of a judge in directing an issue is the obligation to be governed by the verdict. *Clem v. Durham*, 14 Ind. 263; 3 Greenl. on Ev. (3 Ed.) sec. 266. The decree was clearly void, as it included a general judgment for costs against all the defendants, one of whom (Brunetta Harrison) was a married woman. *St. Louis v. Bernoudy*, 43 Mo. 552; *Wernecke v. Wood*, 58 Mo. 352; *Corrigan v. Bell*, 73 Mo. 33; *St. Jo. F. and M. Ins. Co. v. Hauck*, 71 Mo. 465.

*Comingo & Slover* with *G. N. Elliot* for respondents.

(1) The chancellor is in no manner concluded or bound by the merely advisory verdict of the jury. On the contrary it is his plain duty, sitting in the forum of conscience, to disregard any opinion, verdict or influence that would shelter or shield a fraud, whether covert or palpable. *Burt v. Rynex*, 48 Mo. 309. The first

jury could not agree. The second did. The judge had heard the evidence twice, and in his opinion it was such that in conscience the finding of the jury ought not to be adopted. He knew and saw and heard the witnesses. The inclination and rule of this court is not to reverse the finding of the chancellor unless it is clearly manifest he has overridden the evidence. *Sharpe v. McPike*, 62 Mo. 300 ; *Hodges v. Black*, 76 Mo. 537 ; *Royle v. Jones*, 78 Mo. 403. As applicable to the facts of this case see following: *Potter v. McDowell*, 31 Mo. 62 ; *Wilson v. Forsyth*, 24 Barb. 105 ; *Jackson v. Mather*, 7 Cow. 301 ; *King v. Moon*, 42 Mo. 551. (2) If there was any virtue in any of the objections to the evidence no such error is preserved in the record, for it was not called to the attention of the trial court in the motion for a new trial. *Lancaster v. W. L. Ins. Co.*, 62 Mo. 121 ; *Anthony v. Ry. Co.*, 76 Mo. 18.

RAY, J.—This is a suit in equity to set aside certain deeds vesting the title to certain real estate in controversy in defendant, Brunetta Harrison, and the other defendants, who are the heirs of A. B. Harrison, as being fraudulent against John Snell, deceased, and respondent, D. A. Glass. Said Brunetta is the wife, and said A. B. Harrison the brother, of one Geo. W. Harrison.

The petition charges in substance as follows : That in 1874 Geo. W. Harrison, the husband of said Brunetta, owned the land in controversy. At that time he owed said John Snell a note for $700.35, on which Snell recovered judgment in the Johnson circuit court in October, 1877. That in October, 1877, respondent, Glass, recovered judgment in said court in an ejectment suit against said Geo. W. Harrison for $300 and costs. Said Geo. W. was also largely indebted to divers other persons. That in 1875 said Geo. W. conveyed to his brother, A. B. Harrison, the father of the minor defendants, the land in controversy, which plaintiffs claim was fraudulent as to said creditors, being voluntary and without consideration, and made with intent to delay and defraud creditors,

and that said Brunetta joined therein, with knowledge of the fraud. That while both of said suits were pending, an execution was issued out of said court for costs adjudged against said Geo. W. in said Glass' suit, which said George caused to be levied on certain of the real estate in controversy, which, at a sale in October, 1876, he bid off in the name of said A. B. Harrison, the money for which plaintiffs claim, was furnished by said George. That in June, 1877, one Dawson recovered in said court judgment against said George for a small sum, on which execution, in October, 1877, issued and was levied on the land in controversy. That at the sale one J. H. Warren became the purchaser for a nominal sum. Plaintiffs claim the money paid by Warren was furnished by said George. That in January, 1878, Warren quit-claimed said land to said Brunetta, wife of said George, for the nominal sum of $146—the sum at which he bid in the land—which, plaintiffs claim, was furnished in fact by said George. That respondents caused executions to be issued on their respective judgments, levied on said real estate, and at the February term, 1878, of said court bought said land, and received therefor a deed from the sheriff. The petition prays that the deeds to Brunetta Harrison and A. B. Harrison be set aside.

Geo. W. Harrison filed a separate answer which was a general denial. Brunetta Harrison filed her separate answer which was a general denial, and further alleged, substantially, that she was the owner of the real estate in controversy, that the same was purchased by her in good faith and for a valuable consideration from J. H. Warren; that the money paid for said real estate was of her own property, held by her in her own right, and for and on account of which said Warren sold and in good faith conveyed said real estate to her; that she was now in possession of same, holding and claiming in her own right. The separate answer of the heirs of A. B. Harrison, filed by their guardian *ad litem*, appointed by the court, was a general denial, and prayed that the plaintiffs be required to prove the allegations of the petition.

The evidence in the cause was very voluminous, and is, therefore, not set out. Such parts of it as we deem material and essential will be noticed in the further progress of this opinion. Upon a trial of the cause, the court submitted the issues of fact to a jury, upon interrogatories framed by the court, which said interrogatories and the answers returned thereto by the jury, were as follows: 1. Did A. B. Harrison pay any valuable consideration to Geo. W. Harrison for the conveyance to him dated October 9th, 1875, for the land in controversy; and if so, what was the consideration? Answer—Yes. Consideration $2,000. M. J. Staley, foreman. 2. Was such conyeyance made by Geo. W. Harrison for the purpose of hindering, delaying or defrauding his creditors? Answer—No. M. J. Staley, foreman. 3. Did Geo. W. Harrison pay the bid, or any part thereof, made at the sheriff's sale of said land in the case of Glass v. Harrison? Answer—No. M. J. Staley, foreman. 4. Did Joel H. Warren purchase said land at sheriff's sale, October 11th, 1877, in good faith for himself? Answer— Yes. M. J. Staley, foreman. 5. Did Brunetta Harrison have said land conveyed to her by said Warren for the purpose of aiding her husband, Geo. W. Harrison, in the hindering, delaying or defrauding of his creditors? Answer—No. M. J. Staley, foreman.

The jury were thereupon discharged, and, thereafter, the plaintiffs filed a motion to set aside and disregard the finding of the jury on the issues submitted, and for judgment in said cause, notwithstanding the verdict, which said motion the court sustained, and decreed the relief prayed for in the petition, *non obstante veredicto*. Defendants, in due time, filed their motion for new trial which said motion assigned the four following grounds: "First. The finding of the court is against the evidence and contrary to the finding of the jury, on the issues submitted to them on the trial of said cause. Second. The finding of the court was against the weight of evidence and was made without any evidence whatever.

Third. The finding of the court was against the law. Fourth. Because the court erred in sustaining plaintiff's motion to disregard the finding of the jury in said cause, and in rendering its decree contrary to the finding of the jury." Said motion for new trial, as well as the motion in arrest, was overruled, and the cause appealed to this court.

One of the questions presented for our determination is, whether or not the chancellor is authorized in a case of this kind to render a finding contrary to the verdict of a jury, and enter a final decree in the cause without a new trial. In *Cochran v. Moss*, 10 Mo. 416, this court seems to have held that such finding of a jury is conclusive upon the chancellor, and that he was not at liberty to discharge the jury and proceed to decree directly in conflict with their verdict. But the doctrine has frequently been announced in subsequent adjudications of this court, that the chancellor may frame issues of fact and take the opinion and advice of a jury thereon, and that, if on reflection and due consideration thereof, and of the entire evidence in the cause, he is of opinion that the verdict is one which in conscience ought not to be adopted, he is not concluded or bound by it. He is, in that event, at liberty and it then becomes his plain duty to disregard it. In equity proceedings like the one here, jury trial as a matter of right does not exist; it is wholly a matter with the chancellor, for his enlightenment and satisfaction, what fact or facts, if any, he will submit to a jury. However valuable verdicts of juries may be upon questions of fact, and they are entitled to great weight, especially upon questions of fraud in actions at law, it is, we think, in cases like the present, within the powers and functions of a court of equity to adopt or reject the advice and opinion of a jury, as good conscience may require, and proceed to enter up such finding and decree as, in his judgment, is warranted by the evidence and pleadings in the cause.

Among others, we cite the following decisions, in

Vol. 83—42

support of the foregoing views: *Hickey v. Drake*, 47 Mo, 369; *Burt v. Rynex*, 48 Mo. 309; *Weeks v. Senden*, 54 Mo. 129; *Gay v. Ihm*, 69 Mo. 584. Judge Sherwood, in delivering the opinion of the court in the case of *Gay v. Ihm, supra*, says: "In chancery causes the right of trial by jury does not exist, although the chancellor may, if he see fit, direct certain issues of fact to be tried by a jury; but even then, he will not be bound by their finding; he may accept it or reject it, as he deems best." In the present case, the motion of the plaintiff was to set aside and disregard the finding of the jury on the issues submitted to them by the court and make a finding and render a decree, in pursuance of the evidence and prayer of petitioners. This, we think, the chancellor was authorized to do, in this sort of case.

We do not think the court's action, in admitting the declarations and admissions of Geo. W. Harrison, in disparagement of his grantee's title, is properly before us. This error was not called to the attention of the trial court, in the motion for new trial, and therefore, under numerous decisions of this court, cannot now be heard. For a similar reason, the notice, motion and action of the court thereon, in the case of John Snell v. G. W. Harrison and S. E. Wells, complained of by the heirs of A. B. Harrison and Brunetta Harrison, who were not parties thereto, are not now reviewable by us. The fact that the verdict of the jury, which was disregarded by the court, was for the appellants, we think, makes no difference. In order that the court may review its own action, such rulings as are complained of, on the admission of evidence, should be brought to its attention in the motion for new trial, or they will be deemed waived.

And further, it is well settled in this state, that the finding of the chancellor will be deferred to by this court, unless he has manifestly disregarded the evidence. *Sharpe v. McPike*, 62 Mo. 300; *Hodges v. Black*, 76 Mo. 537; *Royle v. Jones*, 78 Mo. 403. Upon an examination of the evidence in this record, we see no reasons sufficient

to authorize us to interfere with his finding thereon. George W. Harrison, in divers ways, and to a considerable extent, more or less definitely shown by the evidence, seems to have been the active and moving spirit in all the various transactions, which end in his wife getting the title to this land in her own name and for small sums. He seems to have been disposing to his brother, and others, of his property, to a very large extent subsequent to said judgment, some of which transactions are more or less satisfactorily explained, while others, perhaps, are not. Upon one of such occasions, when making a deed to A. B. Harrison and another to J. B. Harrison, upon an inquiry by Rowland, who was drawing the deeds, as to what consideration should be named, he declared it did not make much difference about the consideration; that it was to defeat some claims coming against him as surety for Ham Wells, and that he intended to defeat old Snell. He further took back a quit-claim deed from A. B. Harrison for the land conveyed, and placed the same in the hands of a third party, to be delivered when the Snell matter was settled, and upon another occasion, he declared to Glass it would be a long time before he got his money. There was evidence besides this, consisting of facts and circumstances bearing with greater or less weight upon the questions involved, and while there was evidence also (but for the most part from parties in interest) tending to show that the defendants, or some of them at least, acted in good faith in their dealings with the lands in question, yet, as the chancellor with the witnesses personally present before him has had better opportunities to weigh and determine all the evidence, its credibility, and value, and as his conclusion therein is not manifestly erroneous, we do not see, as we have said, that we would be authorized to reverse or disturb his findings thereon.

It only remains to notice a further objection which is made in the supplemental point, that the decree is void as it includes a general judgment for costs against all the

defendants, one of whom (Brunetta Harrison) is a married woman. It may be that said judgment for costs is not authorized as to her, but as the main and essential object of this equitable proceeding is to divest her of the title to the land, and while said judgment for costs is inoperative as to her, we do not think that a sufficient reason for reversing the judgment. Indeed the judgment proper, in this cause, is the decree setting aside said deeds and divesting the title to said lands from the defendants and vesting it in the plaintiffs. This only, properly speaking, constitutes the real body and substance of the judgment or decree, and that portion of it relating to the costs of the suit is, at most, incidental to the proceedings, and in a case like this, any irregularity in this particular, not affecting the real merits of the controversy, ought not, in our opinion, as we have said, to be sufficient cause for reversing a judgment or decree, otherwise regular and proper.

This court, however, in passing upon the case, has the power to so modify the judgment of the circuit court as to exempt the said Brunetta Harrison from all liability for the costs thus imposed, and it is hereby, in that particular, so ordered and adjudged and the costs of this appeal are adjudged against the respondents. For these reasons the judgment of the circuit court so modified is affirmed. All concur.