Cox v. Cox.

Cox, *Appellant*, v. Cox *et al.*

1. **Husband and Wife**: HUSBAND RECEIVING MONEY OF WIFE: EQUITY. Property bought by the husband, with money of the wife, received and held by him, not for himself by virtue of his marital rights, but in trust, and to the use and benefit of the wife, will, in equity, be held to belong to her.

2. **Practice**: EQUITY: CREDIBILITY OF WITNESS. The credibility of a witness, in a suit in equity, can best be determined by the chancellor, who has the witness before him, and the Supreme Court will defer, somewhat, to the finding of the chancellor, in such cases.

3. —— : ——. It is not error for the chancellor in an equity case to submit an issue to a jury, and direct them to find for the defendant. It is, in effect, but the finding of the chancellor of his own motion.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

| 91 | 71 |
| 113 | 345 |

| 91 | 71 |
| 118 | 539 |

| 91 | 71 |
| 130 | 162 |

| 91 | 71 |
| 145 | 620 |

| 91 | 71 |
| e168 | [1]510 |

| 91 | 71 |
| 97a | [3]563 |
| 98a | [2]152 |

| 91 | 71 |
| 101a | [3]615 |

AFFIRMED.

*Massey & McAfee* for appellant.

(1) In issues triable by the court, "the court may take the opinion of a jury upon any specific question of fact involved therein by an issue made up therein for that purpose." R. S., sec. 3601. (2) But if a specific question of fact is submitted to a jury, the trial of such fact is to be conducted in the same manner, and be governed by the same rules, as in the trial by a jury of issues of fact in an ordinary action at law, and the parties to the suit are entitled to a verdict of the jury, even though the court may, in its discretion, set aside such verdict and adopt a finding of its own. *Morris v. Morris*, 28 Mo. 114; *Looker v. Davis*, 47 Mo. 144; *Burt v. Rynex*, 48 Mo. 311; *Buesching v. Gaslight Co.*, 73 Mo. 219. There was testimony tending to establish the issues for the plaintiff. It was, therefore, error in the court to instruct the jury to find the issues for the defendants. They should have been left free to give their own opinion to the court. *Smith v. Hutchinson*, 83 Mo. 683; *Groll v. Tower*, 85 Mo. 251. (3) The declarations and conversations of Thomas Cox were competent testimony. (4) The evidence clearly shows that the purchase of the Jefferson street property was made by Thomas H. Cox, in the first instance, for himself. The after act of having conveyance made to his wife was done clearly for the purpose of defrauding his brother, whose money he was using, and Dunn, the carpenter who had furnished the labor and material to build the house. Upon the testimony in this cause, the judgment should have been for the plaintiff on the second count in the petition, for the Jefferson street property.

*C. W. Thrasher* for respondents.

(1) The court below committed no error in exclud-

ing testimony offered by appellant as to declarations
made by respondent, Thomas H. Cox, concerning his
purchase of the Jefferson street property. Such declar-
ations and conversations, at most, could be only hearsay,
and not in any way competent to establish any fact in
issue in this case. 1 Greenl. on Evid. [5 Ed.] sec. 99 ;
*Miami Queen v. Hepburn*, 7 Cranch, 290 ; *Wood v.
Hicks*, 36 Mo. 326 ; *Prewitt v. Martin*, 59 Mo. 325 ;
*Westlake v. Westlake*, 34 Ohio St. 621 ; 32 Am. Rep.
897. Even the declarations of persons in possession of
property, concerning its title, can only be received in
evidence when against the interest of the party making
them, and then to affect the interest of such party, and
not the interest of any one else. 2 Greenl. on Evid. [5
Ed.] sec. 109 ; *Hambright v. Brockman*, 59 Mo. 52 ;
*Morey v. Staley*, 54 Mo. 419 ; *Criddle v. Criddle*, 21 Mo.
522 ; *Turner v. Belden*, 9 Mo. 797 ; *Cavin v. Smith*, 24
Mo. 221 ; *Watson v. Bissell*, 27 Mo. 220 ; *Salmon's
Adm'r v. Davis*, 29 Mo. 176 ; *Currey v. Lackey*, 35 Mo.
389. Generally, the admissions or declarations of hus-
band or wife cannot be received in evidence, to affect
the property, right or interest of the other, unless made
as the agent of the other party, under proper authority.
*Benedict v. Pearce*, 2 New England Rep. 310 ; *White v.
Chaney*, 3 West. Rep. 276 ; *In re Bomino's Estate*, 83
Mo. 441 ; *Wheeler & Wilson Mfg. Co. v. Tinsley*, 75
Mo. 459 ; *Lakenan v. McIlhaney*, 17 Mo. App.
413 ; *Rogers v. Bank*, 69 Mo. 563 ; *Walls v. Coppedge*,
15 Mo. 448. And such agency must be established by
evidence other than the testimony of the agent. *Sum-
ner v. Saunders*, 51 Mo. 89 ; *Peck v. Ritchey*, 66 Mo.
114 ; *Eystra v. Capelle*, 61 Mo. 578. Neither were such
declarations admissible to impeach the testimony of said
Thomas H. Cox in this case, as he was a witness for
the appellant ; and a party cannot impeach his own
witness. *Dunn v. Dunnaker*, 3 West. Rep. 266.
(2) The court below committed no error in instructing

.the jury that, on the evidence, they should find the issues for the defendants. When the evidence produced by plaintiff is insufficient, in law, to entitle plaintiff to recover, it is a practice, well sustained by authority, for the trial court, even in actions at law, to so instruct the jury. *Clark v. Railroad*, 36 Mo. 203, 217; *Harris v Woody*, 9 Mo. 112; *Lee v. David*, 11 Mo. 114; *Laney v. Railroad*, 83 Mo. 466; *Fitterling v. Railroad*, 79 Mo. 504; *Jackson v. Hardin*, 83 Mo. 175; *Powell v. Railroad*, 76 Mo. 845; *Landis v. Hamilton*, 77 Mo. 554. And, in this state, a demurrer to the evidence can be interposed to the plaintiff's evidence in an equity case, as well as in an action at law. *Leeper v. Bates*, 85 Mo. 224. (3) In equity cases, the right to have issues submitted to a jury does not exist; and the verdict of a jury on such issues is not conclusive on the chancellor or the appellate court. *Snell v. Harrison*, 83 Mo. 651; *Bevin v. Powell*, 83 Mo. 365; s. c., 11 Mo. App. 216; *Burt v. Rynex*, 48 Mo. 309; *Hickey v. Drake*, 47 Mo. 369; *Weeks v. Senden*, 54 Mo. 129; *Gay v. Ihm*, 69 Mo. 584; *Keithley v. Keithley*, 85 Mo. 217. On the authority of the cases above cited, it would seem that it is wholly within the discretion of the chancellor, in an equity case, to refuse to submit issues to a jury; or submit such as he may choose; or to withdraw from the jury any issues so submitted, at any stage of the proceeding; or to disregard any verdict such jury may find. The finding of the chancellor, in an equity case, will be deferred to by this court, unless he has manifestly disregarded the evidence. *Snell v. Harrison*, 83 Mo. 651; *Sharp v. McPike*, 62 Mo. 300; *Hodges v. Black*, 76 Mo. 537; *Royle v. Jones*, 78 Mo. 403. (4) The evidence produced by appellants, at the trial, abundantly shows that the money used to purchase the Jefferson street property from Sweitzer was the money of Sarah E. Cox, and thus fully sustains the judgment of the court below, on the merits of this case. *Smith v.*

*Smith*, 50 Mo. 262 ; *Tennison v. Tennison*, 46 Mo. 77 ; *Woodford v. Stephens*, 51 Mo. 443 ; *Holthaus v. Hornbostle*, 60 Mo. 439 ; *Hammons v. Renfro*, 84 Mo. 332. And, on. this evidence, it is immaterial that the title bond to the Jefferson street land was taken by the husband, Thomas H. Cox, in his own name.    In equity, the land would not have been subject to the husband's debts, even if the deed had been taken in his name.    *Bowen v. McKean*, 82 Mo. 594 ; *Buck v. Swazey*, 35 Mo. 41 ; *Beaugartner v. Guessfeld*, 38 Mo. 37 ; *Payne v. Twyman*, 68 Mo. 339 ; *Mitchell v. Colgazier*, 4 West. Rep. 476 ; *Goldsberry v. Gentry*, 92 Ind. 193 ; *Robertson v. Huffman*, 92 Ind. 247 ; *Lord v. Bishop*, 83 Ind. 101 ; *Herbert v. Wines*, 105 Ind. 237.

RAY, J.—The petition, in this case, is in two counts, the general nature and object of which is the same, which is, to subject the property described in the first count, and spoken of, for brevity, as the Boonville street property, and the property described in the second count, and, for the same reason, spoken of as the Jefferson street property, both in Springfield, Missouri, and held in the name of the defendant, Sarah Cox, to the payment and satisfaction of a certain judgment for debt and damages, obtained by plaintiff against the defendant, Thomas H. Cox, who is the husband of his said co-defendant, Sarah.   The petition charges, in each of said counts, that the defendant, Thomas Cox, being indebted to divers persons, including plaintiff, in sundry amounts, at the date of the purchase of the said two pieces of property, bought and paid for the same with his own money, but that, for the purpose of hindering and delaying his creditors, including plaintiff, and of defrauding plaintiff out of his debt, procured the deeds therefor to be made out to, and in the name of, his said wife and co-defendant, and asks that the title, legal and equitable, be divested out of said defendants, and vested

in plaintiff.   The answer of defendant, Thomas Cox, is a general denial, except as to his indebtedness.   The answer of defendant, Sarah, to both counts denies the material allegations in the petition, and sets up purchase of the property by her with her own individual money, received and inherited from her father's estate, and money arising from rents and profits of real estate inherited from her father.   During the trial, the court called and submitted to a jury, as special issues, whether the consideration paid Robberson for the Boonville street property, and that paid Sweitzer for the Jefferson street property, was the money of Thomas H. Cox, or of the wife, Sarah Cox, but, upon the conclusion of the testimony, adduced in the plaintiff's behalf, directed the jury to find the issues for defendant, and rendered its judgment, dismissing plaintiff's bill.

No objection has been urged, or pointed out, to the sufficiency of the evidence to support the judgment, so far as the Boonville street property is concerned ; and this part of plaintiff's claim is, we think, practically abandoned in this court.   As to the Jefferson street property, it appears, by the testimony of defendant, Thomas H. Cox, sworn at plaintiff's instance, that the money used in the purchase thereof was money belonging to the wife, Sarah E. Cox, and received and inherited by her from her father's estate, and derived more immediately from the sale of her real estate to Robberson.   It further appears, from his testimony, and from receipts, entries, or memoranda, made at the time the money came to his hands, that he took and held possession thereof, not for himself by virtue of his marital rights, but in trust, and to the use and benefit of his wife.   *Hammons v. Renfro*, 84 Mo. 342.   One of said entries, or memoranda, made by him in the book produced at the trial, was as follows :   "Thos. H. Cox received, in trust, from Mrs. Sarah E. Cox, in current funds, two hundred and fifty dollars, February 13,

1873." Another was: "Thos. H. Cox received from his wife, Sarah E. Cox, in trust, February 27, 1873, six hundred and seventy five dollars." Similar entries and declarations of trust were made as to other amounts. Both of the sums above specified were thus received, during the first month after his intermarriage with said Sarah Cox, and the first payment of the two hundred dollars, on the purchase price, which was eight hundred dollars, was made by him, out of the said sum of two hundred and fifty dollars, received from her, in trust, as aforesaid, and the second and final payment was made by the wife to Clough, the agent of said Sweitzer, out of the said sum of six hundred and seventy-five dollars.

The means, which the wife derived and inherited from her father's estate, and from the sale of the land to Robberson, and from the rentals of the real estate, exceeded in amount the sums required for the purchase of said lot, and the construction of the dwelling house, and the entire outlay in this behalf. As to the two thousand nine hundred and sixty dollars, received by defendant, Thomas. H. Cox, from the sale of the interest in the stock of goods to said Wengler, it is sufficient to say that it was fully and fairly accounted for in his testimony, which shows that the whole amount was applied on his debts, one thousand being paid, as was admitted, to plaintiff, and the rest to merchants in St. Louis and New York, whose receipts were produced.

The case, manifestly, turned largely, and, perhaps, mainly, upon the evidence of said defendant, Thomas H. Cox, and upon the credit given his testimony. His evidence was, it seems, indispensable to the plaintiff, who, in making out his case, was, it seems, obliged to call him in his own behalf. True, he was examined by plaintiff, in the first instance, only as to the payment made at the time the title bond was taken, but this involved, at least in part, the material and vital questions and issues in the case. The fact thus shown, or attempted to be

shown, was, that this payment of a part of the purchase money was made by the witness, and this was the main object of the examination, the amount of the payment, which was two hundred dollars, being of secondary consideration and importance.   The examination as to this by plaintiff invited and properly led to the cross-examination, as to whether the part of the purchase money, thus paid, was his own or money belonging to the wife, and how and in what capacity he held the same.   Upon reëxamination, the witness was taken over the whole subject, as to whose money it was and how derived and held, and fully questioned as to his financial condition and resources, and the application and use made of his own funds, with the results previously indicated.   It is conceded that his testimony, if true, shows that the purchase money was the wife's and not his, or under his control, except in trust for the uses mentioned, and even if the rule, that a party calling a witness vouches for his credibility, be not applicable, in strictness, under these circumstances, his credibility could, nevertheless, be best determined by the chancellor having the witness present in person before him at the time.

We see no controlling reason in the case requiring us to depart from our established rule of deferring somewhat to the finding of the chancellor in cases of this sort.   Plaintiff, manifestly, was not prejudiced by the direction given the jury to find the issues for the defendant.   Virtually, this was a finding to the same effect by the chancellor, of his own motion, and such as he was authorized to make.   *Snell v. Harrison*, 83 Mo. 657; *Bevin v. Powell*, 83 Mo. 365.   In *Snell v. Harrison*, *supra*, a finding and judgment by the chancellor, *non obstante veredicto*, was referred to and approved by this court.

We perceive no error in the record, calling for reversal or modification of the judgment, and we, therefore, affirm the same.   All concur.