ROBINSON *et al.*, *Appellants*, v. DRYDEN.

Division One, December 11, 1893.

1. **Practice**: EQUITY: SUBMITTING ISSUES. Where in a suit in equity to set aside a conveyance as having been made in fraud of creditors, issues are submitted to the jury and the charges made in the petition are not established by the weight of the evidence, the court may peremptorily instruct the jury to find for the defendant.

Robinson v. Dryden.

2. **Fraudulent Conveyance**: PROOF OF FRAUD. Fraud must be proved; it cannot be presumed, and if the facts shown are all consistent with an honest purpose, honesty in the transaction in question should be inferred.

3. ———: ———. Relationship of the parties to a conveyance charged to have been made in fraud of creditors, and the insolvency of the grantor are not sufficient in themselves to establish the fraud, but these, when added to other suspicious circumstances, may often be sufficient.

4. ———: ———. An insolvent debtor conveyed his farm to his brother in good circumstances and residing in another state. The deed was recorded before delivery. The grantor continued to live on the farm after the transfer and the consideration expressed in the deed was less than the value of the land. The grantee sold it three years after the conveyance to him at a profit of two hundred dollars. *Held* insufficient to show that the conveyance was fraudulent

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Martin & Avery* for appellants.

(1) The action of the court in sustaining a demurrer to the evidence on the first issue is contrary to the evidence and every circumstance in the case. The badges of fraud are so numerous as shown by the evidence, that taken together you must come to the conclusion that W. J. Dryden's motive and intention in making the deed to his brother, L. T. Dryden, at the time he did, when he was hopelessly insolvent, as shown by the evidence, was to hinder and delay his creditors, and to put all of his individual property out of the reach of the creditors of W. L. Sturgeon & Co.. of which firm he was a member. Bump on Fraudulent Conveyances, pp. 79, 80; *Renney v. Williams*, 89 Mo. 145. (2) The consideration expressed in the deed from W. J. Dryden to L. T. Dryden, $2,500, was much less than the value of the lands as shown by the evidence

of all the witnesses in the case, no witness putting the value at less than $4,000 and some as high as $18 an acre, which would be more than $5,000. Bump on Fraudulent Conveyances, p. 86; *Wells v. Thomas*, 10 Mo. 237; *Van Raalte v. Harrington*, 101 Mo. 608. (3) It is in evidence and conclusively proven that L. T. Dryden lived in California and was there at the time the deed was executed by W. J. Dryden, on the second day of February, 1884. He could not have received the deed and had it recorded on the seventh day of February as the filing mark on the deed shows. This, together with the relationship of the parties and the insolvency of W. J. Dryden at the time, certainly constitutes a badge of fraud that should be explained, at least. *Van Raalte v. Harrington*, 101 Mo. 608. (4) The evidence also shows that W. J. Dryden retained possession of the farm for three years after the execution of deed to his brother, L. T. Dryden; this is a badge of fraud. *Bobb v. Woodward*, 50 Mo. 100; *King v. Moon*, 42 Mo. 560; *Masters v. McBride*, 81 Mo. 357. (5) The supreme court of our own state has unqualifiedly made the distinction in such cases as the one under consideration, as between strangers and near relatives. I refer to the following decisions: *Bobb v. Woodward*, 50 Mo. 100; *Henderson v. Henderson*, 55 Mo. 559; *Cass County v. Green*, 66 Mo. 512; *Leavitt v. LaForce*, 71 Mo. 354; *King v. Moon*, 42 Mo. 551; *Stone v. Spencer*, 77 Mo. 360; *Renney v. Williams*, 89 Mo. 145; *Van Raalte v. Harrington*, 101 Mo. 608; *Leonard v. Green*, 24 N. W. Rep. 915; *Atkins v. Atkins*, 25 N. W. Rep. 724; *Gordon v. McIlvain*, 2 S. Rep. 671; *Burt v. Timmons*, 2 S. E Rep. 787.

*Silver & Brown* and *R. H. Norton* for respondent.

(1) The action of the court in instructing the jury to find for the defendant on the issues submitted to

them was proper practice; it was in fact the finding of the chancellor on his own motion which is permissible in an equity case.  *Cox v. Cox,* 91 Mo. 71.  (2) The chancellor is not bound in an equity case to submit issues to the jury, nor to accept as his own the findings of the jury when such issues have been submitted. *Keithley v. Keithley,* 85 Mo. 217; *Snell v. Harrison,* 83 Mo. 651; *Gay v. Shin,* 69 Mo. 584; *Durkee v. Chambers,* 57 Mo. 575; *Weeks v. Lenden,* 54 Mo. 129; *Burt v. Ryner,* 48 Mo. 309; *Hickey v. Drake,* 47 Mo. 369.  (3) So the finding of the chancellor will be deferred to in an equity case, unless he has manifestly disregarded the evidence.  *Sharpe v. McPike,* 62 Mo. 300; *Boyle v. Jones,* 78 Mo. 403; *Snell v. Harrison,* 83 Mo. 651; *Rawlins v. Rawlins,* 102 Mo. 563.  The credibility of a witness in a suit in equity can best be determined by the chancellor, who has the advantage of having such witness before him.  *Cox v. Cox,* 91 Mo. 71.  (4) Actual fraud must be proved, not conjectured.  *Priest v. Wray,* 87 Mo. 16; *Hausman v. Hope,* 20 Mo. App. 193.  It is not the duty of a vendee to inquire into the motive of the vendor in making a sale.  He is not chargeable with knowledge of a fraudulent purpose on the part of the vendor because he failed to avail himself of an opportunity of making an investigation which, if made, would have revealed that purpose.  *State, etc., v. Merritt,* 70 Mo. 275; *Van Raalte v. Harrington,* 101 Mo. 608.  Nor can fraud in a sale be inferred from the mere fact that the vendor is insolvent.  *State, etc., v. Merritt, supra.*  (5) In the case at bar there was no evidence to show, *first,* either that the defendant purchased without consideration, or, *second,* that he had knowledge of any intended fraud on the part of the grantor.  (6) Knowledge on the part of the grantee of such intended fraud must be shown.  *Sloan v. Terry,* 78 Mo. 623; *Dougherty v. Cooper,* 77 Mo. 528; *Fred-*

*erick v. Allgaier*, 88 Mo. 598; *Durkee v. Chambers*, 57 Mo. 575. Knowledge by the grantee of the grantor's indebtedness does not affect the validity of the conveyance. *Durkee v. Chambers*, 57 Mo. 575. But there is no evidence in the record that defendant even knew of the grantor's financial condition. (7) For aught that appears in the record, W. J. Dryden sold the farm in controversy to raise money to pay other creditors than plaintiffs. He who charges fraud must prove it.

MACFARLANE, J.—This is a suit in equity by judgment creditors of Wm. J. Dryden to set aside, as fraudulent, a conveyance, made by him to defendant, of a tract of two hundred and ninety acres of land in Lincoln county. The deed expressed a consideration of $2,500, was dated the second day of February, 1884, and was filed for record on the seventh day of the same month.

The said Wm. J. Dryden was a member of the firm of W. L. Sturgeon & Co. The firm and all the members failed in a few days after the record of the deed and made a number of mortgages on their partnership and individual property to secure their creditors. The evidence shows, further, that defendant was a brother of Wm. J. Dryden and lived in the state of California; that the grantor continued to reside on the farm and manage it until 1887 and when conveyed it was worth $15 per acre, though afterwards sold by defendant for $2,700. Defendant owned considerable other property in the neighborhood and Wm. J. Dryden acted as his agent in managing it. These were in substance all the facts proved, which bear on the good faith of the parties to the deed. The evidence was all offered by plaintiff.

A jury was impaneled and issues framed for submission to it. At the conclusion of the evidence

offered by plaintiff, at the request of defendant, the court instructed the jury to find all the issues for defendant and judgment was entered accordingly. From this judgment plaintiff appealed.

I. The finding of issues, in chancery cases, is only advisory and the chancellor is not bound by it. There was no error, therefore, in the court instructing the jury to find all the issues in favor of the defendant if, upon all the evidence, the charges made in the petition were not established by the weight of the evidence. *Cox v. Cox*, 91 Mo. 71, and cases cited.

II. In order for the creditors of the grantor to defeat the deed for fraud it was incumbent on them to prove that it was made by the grantor with a fraudulent intent and that the grantee had notice of such intent when he purchased. Plaintiff insists that such fraud of the grantor and knowledge thereof and participation therein was sufficiently shown by the following undisputed facts: The insolvency of the grantor; the relationship of the parties; the insufficiency of the price paid; recording the deed before it could have been delivered to the grantee; and the grantee remaining in possession and control of the land for three years after the sale.

The rule is that fraud must be proved and cannot be presumed, and, if the facts shown are all consistent with an honest purpose, honesty in the transaction should be inferred. The relationship of the parties and the insolvency of the grantor are not sufficient in themselves to establish fraud, "but these when added to other suspicious circumstances, may often furnish satisfactory evidence of fraud." *Renney v. Williams*, 89 Mo. 86, and cases cited; *Chapman v. McIlwrath*, 77 Mo. 44.

In this case it was not shown that the money received on the sale of the land was concealed or put

out of the reach of the creditors of the grantor; or of the firm of which he was a member. For all that appears, an honest application of the proceeds of the sale may have been made in payment of his debts. If such disposition was made of it, the fact of insolvency, instead of furnishing a badge of fraud, would serve to explain the necessity of an immediate sale at a price below the actual value of the land.

Ordinarily the fact that the grantor remained in possession and control of the property conveyed would be a circumstance throwing much suspicion upon the good faith of both parties, but the fact of the relationship of the parties in this case and their circumstances tend rather to allay than to create such suspicion. The grantor and grantee were brothers, the former apparently in good circumstances, residing in the state of California; the latter was brought suddenly from comfort to insolvency. Our confidence in humanity does not permit us, without evidence, to attribute a selfish and fraudulent motive to an act of apparent brotherly kindness and generosity.

The fact that the deed was not forwarded to defendant in California is evidence tending merely to prove that the grantor filed it for record. If done under direction of defendant it was a good delivery and should create no suspicion. It is no unusual act in such circumstances, for the grantor to have the deed recorded. *Pearce v. Dansforth*, 13 Mo. 364; *Kane v. McCown*, 55 Mo. 198.

It is true, the evidence shows that the consideration named in the deed, which must be taken as the price paid, was less than the market value of the land. We are not informed by the evidence of what urgency may have existed for making a sale, even at a sacrifice. If the sale had been a mere pretense and fraud there is no doubt the consideration would have expressed full

value. Moreover, the defendant, after keeping the land for three years, only realized on a sale a profit of $200.

We are of the opinion, from all the evidence, that plaintiff did not establish a fraudulent intent on the part of the grantor and we are unable to discover a reasonable suspicion against the good faith of defendant. Judgment affirmed. All concur.