## HALL et al. v. HARRIS et al., Appellants.

### Division Two, October 17, 1898.

1. **Equity**: VERDICT OF JURY.   The verdict of a jury in an equity case is merely advisory.   It is not binding upon the chancellor.   He may approve it or reject it.

2. ——: ——: MOTION FOR NEW TRIAL.   The verdict of a jury not being essential to the chancellor's decree, it is immaterial whether their verdict was against "the law of the case," or "the evidence submitted to the jury" or "the weight of the evidence."

3. ——: ——: ——: INSTRUCTIONS.   Nor is it material that the court erred in its instructions to the jury, impaneled to ascertain the existence of a contract.   The court's final decree may be entirely correct notwithstanding errors in such instructions, because the decree is not dependent on either correct instructions or the jury's verdict.

4. **Specific Performance**: PAROL CONTRACT TO CONVEY LAND: PRACTICE: JURY: REVIEW.   At the trial a jury was impaneled to try "the single issue, whether in the lifetime of David Harris he contracted to sell and convey said twenty acres of land to plaintiff Sarah Hall, for services rendered and to be rendered by her, and whether she had performed said services and the conditions on her part," which issue the jury found in favor of plaintiff.   *Held*, that the full performance by plaintiff took the parol contract to convey the land entirely out of the statute of frauds.   *Held*, also, that the motion for a new trial, set out in the opinion, did not assail the finding or decree of the chancellor, nor ask him to review his finding of facts, and therefore his decree can not be changed here on the ground of the insufficiency of proof to sustain the decree.

*Appeal from Macon Circuit Court.*—Hon. Andrew Ellison, Judge.

Affirmed.

*R. S. Matthews, Otho F. Matthews* and *L. A. Thompson* for appellants.

(1) To make a contract, the parties thereto must have knowledge thereof, the minds of the parties must meet, and "if from all the evidence in the case it is left in doubt whether the contract was concluded or not a court of equity will not grant specific relief." *Strange v. Crowley,* 91 Mo. 295; *Taylor v. Williams,* 45 Mo. 86; Pomroy's Spec. Perp., sec. 58. (2) Where a parol contract is sought to be enforced it must be established with greater certainty in equity than at law, and there must be no uncertainty as to "when it was made or the terms thereof," or "uncertainty as to its conditions." *Mastin v. Halley,* 61 Mo. 196; *Paris v. Haley,* 61 Mo. 453; *Stevens v. Adams,* 50 Mo. 475; *Williams v. Morris Ex.,* 95 U. S. 444. (3) As long as the obligation is executory and rests only upon the declaration and verbal promises of the donor, he may revoke it and equity will not compel the execution of same. *Hager v. Hager,* 71 Mo. 610; *West v. Bundy,* 78 Mo. 410; *Daugherty v. Housel,* 81 Mo. 161. (4) A mere promise made by a parent, even to the child itself, to give her an estate will not be enforced if the parent dies without having conveyed the land. *Hager v. Hager,* 71 Mo. 610; *West v. Bundy,* 70 Mo. 407. (2) All agreements and contracts for the sale of lands must be in writing. The case at bar is within the statute of frauds. The petition sets up a parol contract to convey the land in question. The answer denies the contract; also pleads the statute of frauds. Parol contract can

not be enforced. R. S. 1889, sec. 5186; *Devore v. Devore*, 138 Mo. 181; *Boyd v. Paul*, 125 Mo. 9; *Phillips v. Thompson*, 1 Johns, ch. 131; Browne, Frauds, sec. 452; *Price v. Salisbury*, 32 Beav. 446; *Tomkinson v. Straight*, 17 C. B. 697; *Williams v. Morris*, 95 U. S. 444. (6) Entering into possession, making improvements and changing relations of parties are essential to enforce specific performance in a parol agreement for land. *West v. Bundy*, 78 Mo. 407; *Emmel v. Hayes*, 102 Mo. 186; *Taylor v. Von Schraeder*, 107 Mo. 206; *Woods v. Stephenson*, 27 S. E. Rep. 309; *Goodwin v. Bartlett*, 27 S. E. Rep. 325; *Sample v. Horlacher*, 177 Pa. St. 247. (7) It is clearly shown and proven by the evidence that no contract was' entered into by the deceased, David B. Harris, when plaintiff went to live with him, or while living with him, as alleged; but if such a verbal contract had been made and the consideration had been in part or fully paid by the plaintiffs, the deceased by afterwards making a will and therein conveying the land in controversy to the defendants, declared his purpose to repudiate such verbal contract, and thus repudiating such contract gave the plaintiffs a right to bring an action at law in the probate court for services rendered, and they can not maintain an action for specific performance. *Richards v. Allen*, 17 Me. 296; *Bedinger v. Whitmore*, 2 J. J. Marshall, 563; *Collier v. Coales*, 17 Barb. 473; *Wetherbee v. Potter*, 99 Mass. 361; *Shaw v. Shaw*, 6 Vt. 383; *Hawley v. Moody*, 24 Vt. 605; *Lane v. Shackford*, 5 N. H. 130; *McDonald v. Lynch*, 59 Mo. 361; *Lippincott v. Bridgewater*, 36 Mo. App. 672.

*Dysart & Mitchell* for respondents.

(1) The matters called to the attention of the court in the motion for new trial, are wholly immaterial, and

are not subject to review by this court on appeal.   In equity cases both the instructions and the verdict are of little or no importance.   The court is not bound by the verdict, which is only taken to aid the chancellor in arriving at some fact.   Nor will instructions given or refused be reviewed.   In this motion for new trial, neither the finding nor the decree of the court is assailed or complained of, and even if the trial court had committed error in its finding and decree, it was not afforded an opportunity to correct the same by the motion for new trial.   It is well settled that this court will not notice any error not called to the attention of the trial court by motion for new trial or in arrest.

(2)   The court was justified in its finding that there was a contract for the conveyance of the land in question to the plaintiff on certain conditions, which were performed and executed by Mrs. Hall.   Both the jury and the court were satisfied as to these facts, and the issues were found in favor of the plaintiffs.   These findings are abundantly sustained by the evidence.   The rule is to defer largely to the finding and conclusions of the trial court on questions of fact, and not to disturb the same unless evidently erroneous.   *Estes v. Nell*, 140 Mo. 639; *Short v. Taylor*, 137 Mo. 525.   (3) It is well settled in this State that this character of contracts may be enforced specially without being in writing.   A performance of the conditions on the part of the promissee, takes the matter out of the statute of frauds.   *Gupton v. Gupton*, 47 Mo. 37; *Koch v. Hebel*, 32 Mo. App. 103; *Sharkey v. McDermott*, 91 Mo. 647; *Sutton v. Hayden*, 62 Mo. 101; *Healey v. Simpson*, 113 Mo. 340; *Hiatt v. Williams*, 72 Mo. 214; *Stone v. Pennock*, 31 Mo. App. 544.

GANTT, P. J.—This is an appeal from a decree of the Macon circuit court enforcing the specific performance

of a contract made by David B. Harris in his lifetime with his daughter, Mrs. Sarah Jane Hall, to convey to her twenty acres of land in Macon county, described as the west half of the northwest quarter of the northeast quarter of section 12, township 57, range 13, in consideration of services rendered by Mrs. Hall to her father in nursing and waiting upon him at intervals from 1885 to 1894.

A jury was impaneled to try "the single issue whether in the lifetime of David B. Harris he contracted to sell and convey said twenty acres of land to the plaintiff, Sarah J. Hall, for services rendered and to be rendered by her, and whether she had performed said services and performed the conditions on her part," which issue the said jury found in favor of the plaintiffs. The verdict of the jury was approved by the chancellor and a decree rendered enforcing said contract against defendants who are the devisees of said David B. Harris. In due time the following motion for new trial was filed, heard and overruled:

"Now comes the defendants in the above entitled cause and moves the court to grant a new trial for the following reasons:

"1st. The court erred in permitting any evidence on the part of the plaintiffs on their petition over objections of the defendants.

"2nd. The court erred in admitting improper evidence on the part of the plaintiff over the objection of defendants.

"3rd. The court erred in submitting the case to be tried by a jury.

"4th. The court erred in not submitting definite issues to be tried by the jury.

"5th. The court erred in his instructions given on the part of the plaintiff.

"6th.    The verdict is against the law governing the case.

"7th.    The verdict is against the evidence in the case.

"8th.    The verdict is against the weight of evidence in the case.

"For these causes the plaintiffs ask that a new trial be granted in the above entitled case."

Respondents insist that no case is made for review, because the motion for new trial makes no complaint whatever of the finding of facts by the circuit court, or the sufficiency of the evidence on which the decree is founded, but is confined entirely to the action of the jury.    The essential underlying principle of appellate procedure is that it revises and corrects the proceedings of an inferior, or subordinate, court or tribunal, in a cause or matter already heard and acted upon, and among the well established rules of appellate practice in civil cases is that which asserts that only those errors to which the attention of the court of original jurisdiction was called in a motion for new trial or rehearing will be reviewed by the appellate court, unless such errors appear upon the record proper. *Ross v. Railroad,* 141 Mo. 390; *Haynes v. Trenton,* 108 Mo. 123.    This rule is emphasized in Missouri by statutory enactment.    Section 2302, Revised Statutes 1889, expressly provides that "no exceptions shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court."    With these guides before us let us determine what there is to review. The sixth, seventh and eighth grounds of the motion assail the verdict of the jury.    If the verdict in this case constituted the basis of the decree these objections might avail, but the verdict of a jury in a chancery case under our practice is merely advisory.    It

is not binding upon the chancellor. He may approve or reject it. It can not in the nature of things be essential to his decree, and not being it is immaterial whether the verdict was against the law of the case, or the evidence submitted to the jury, or the weight of the evidence. *Bevin v. Powell*, 83 Mo. 365; *Gay v. Ihm*, 69 Mo. 584; *Hickey v. Drake*, 47 Mo. 369; *Burt v. Rynex*, 48 Mo. 309; *Snell v. Harrison*, 83 Mo. 651; *Cox v. Cox*, 91 Mo. 71; *Robinson v. Dryden*, 118 Mo. 534. No more effective is the assignment that the court erred in its instructions to the jury. Its final decree may be entirely correct notwithstanding those instructions and as the decree is in no sense dependent upon their correctness, no error can be predicated upon them and it becomes unnecessary to examine them critically. *Hunter v. Miller*, 36 Mo. 143; *Moore v. Wingate*, 53 Mo. 398.

No objection was made to the action of the court in submitting the issue to a jury nor to the form of the issues, and for that reason alone these assignments might be ignored, but as it was entirely discretionary with the court, there was no error in its action in this regard.

As to the objection that the court erred in admitting improper evidence, it is sufficient to say that in the very full brief of counsel for appellants not a single item of incompetent evidence is noted. The whole burden of the brief is as to the insufficiency of the evidence collectively to sustain the averments of the petition.

We are then brought to the remaining ground, to wit, that the court erred in admitting any testimony whatever under the petition. The material averments of the petition are, "That about the month of June, and along prior thereto, the plaintiffs were living to themselves in a house of their own, when the said David B.

Harris, being then in feeble health, requested plaintiffs to break up house-keeping and move to his home, where he resided in Macon county, so that the plaintiffs could wait upon, watch over and attend to him, which request the plaintiff complied with, and they remained with him, and waited upon him, and attended to his wants, until the time of his death, which occurred on the eighth day of April, 1894. That the said removal was made and the said services rendered, under contract and agreement by and between the plaintiffs and the said David B. Harris, as follows, to wit: That in consideration of the said removal and of the said services, the said David B. Harris, promised, agreed and contracted with the plaintiffs to give, transfer and convey unto the plaintiff, Sarah J. Hall, the real estate herein before described, to wit, the west half of the northwest quarter of the northwest quarter of section twelve, township fifty-seven, range thirteen, containing twenty acres more or less, situate and being in the county of Macon, and State of Missouri. That the plaintiffs relied upon the said contract and promise of the said deceased, David B. Harris, and they have duly kept and performed the same on their part, but the said David B. Harris died without specifically performing the said contract on his part, and without conveying said property to the said Sarah J. Hall, or otherwise vesting the title in her. Wherefore the plaintiffs pray for the specific performance of the said contract, and that the said real estate, herein described, be decreed and adjudged to be the property of the said plaintiff Sarah J. Hall, and that the title thereto be divested out of the said defendants, and vested in the said Sarah J. Hall, and for all other proper and general relief."

It would seem that little doubt can exist that the petition states a clear equity. Contracts of this character have often been specifically enforced by courts

of equity.   A full performance by plaintiff takes the case entirely out of the statute of frauds.   *Gupton v. Gupton*, 47 Mo. 37; *Koch v. Hebel*, 32 Mo. App. 103; *Sharkey v. McDermott*, 91 Mo. 647; *West v. Bundy*, 78 Mo. 407; *Healey v. Simpson*, 113 Mo. 340.

The devisees hold by the voluntary gift of Mr. Harris with full notice of Mrs. Hall's claims, and no obstacle exists why she may not have a specific performance against them as fully as against her father who devised them the land.   Both the jury and the trial court found the issue for plaintiff.   As already said the circuit court was not asked to review its own finding of facts, and its decree was not challenged upon the ground of insufficiency of proofs to sustain it.

Justice to that court and to litigants demand that we should firmly adhere to the rule that in these matters of exception the trial court should have an opportunity to correct its own errors and save litigants needless expense of appealing.   Having considered the record very carefully we feel constrained to affirm the decree of the circuit court and it is so ordered.   SHERWOOD and BURGESS, JJ., concur.