CHARLES CLEMENTS, plaintiff in error, vs. JEPTHA LANDRUM, ex'or., defendant in error.

The consideration expressed in a deed, although paid in property, is to be presumed to be the value in money of the property, though it is subject to rebuttal by evidence.

Covenant, in Fayette Superior Court.   Tried before Judge BULL, at March Term, 1858.

This was an action to recover damages for the breach of a covenant contained in a deed executed by Clements to Landrum's testator, conveying lot of land No. 147, in the 7th District of Fayette county.   The deed contained the usual covenant of a warranty of the right and title to the vendee his heirs and assigns, against the claims of the vendor, his heirs, executors, and administrators, and against the claim of all other persons whatever.   The breach alleged was, that the vendee had been evicted by title paramount.

After the evidence was closed, and argument by counsel, the presiding Judge charged the jury that in this case, it was competent for either party to prove a different consideration from that expressed in the deed, but in the absence of proof of a different consideration, the law presumed the

one mentioned in the deed to be the true one, and the defendant must show affirmatively that a different consideration was the true one; otherwise the one mentioned in the deed would be regarded as the true one, it being *prima facie* evidence of what the consideration was. That in this case the consideration to Clements was the one necessary to be proved; but if said consideration was not proven to the reasonable satisfaction of the jury, that then, and in that case, they should look to the consideration expressed in the deed.

Defendant's counsel asked the Court to charge the jury, " that although the amount expressed in the deed was *prima · facie* evidence of what the consideration was, yet if the plaintiff proved a different consideration, but failed to prove the value of that consideration, that then he could not recover on the one expressed in the deed." The Court declined to give this charge, but, as before, charged the jury that unless a different consideration had been proven, the one mentioned in the deed should be relied on.

To which charge and refusal to charge, defendant excepted.

The deed was dated 14th March, 1846. The consideration or purchase money mentioned in the deed was $300.

The jury found for the plaintiff $573 68¾ and cost of suit.

Whereupon defendant's counsel tendered their bill of exceptions, assigning as error the charges and refusal to charge above excepted to.

HUIE & CONNOR; and M. M. TIDWELL, for plaintiff in error.

A. W. STONE, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The consideration expressed in the deed on which the action is brought, is three hundred dollars. The evidence

shows that a money consideration was not paid, but that the land conveyed was given in part consideration of another tract of land. It was not in proof, at what value this land was estimated in the trade. The consideration expressed in the deed must, therefore, be presumed to be the value of the land in money agreed upon by the parties. As the presiding Judge in the Court below said to the jury, it is a presumption which might be rebutted by evidence; but unless so rebutted, it must stand as the price agreed upon by the parties.

Judgment affirmed..