BRONSON *et al.* v. WANZER *et al.*, *Appellants.*

1. . **Equitable Action** : PRACTICE : JURY.  A suit to subject land to the enforcement of a vendor's lien being an equitable one is properly triable by the court and a jury cannot be demanded therein as a matter of right.

2. ———— : ———— : ————.    The court, however, in such suit, may, in its discretion, take the opinion of the jury upon a specific question of fact by an issue made up for the purpose, but it is not bound by the finding of the jury and may adopt or reject the same as it may deem proper.

3. **Notice.**  One who claims title through a deed which recites that the land is subject to an incumbrance will be held to have been put on inquiry as to the nature and amount of such incumbrance when he purchased.

4. **Vendor's Lien.**  One who buys land, subject to a vendor's lien, with notice of the same, takes it subject to such lien.

*Appeal from Macon Circuit Court.*—HON.  ANDREW ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell* and *C. P. Hess* for appellants.

(1) The court erred in denying a jury ; the issue was

one at law. *Henderson v. Dickey*, 50 Mo. 161; *Crowe v. Peters*, 63 Mo. 429. So the court erred in subsequently withdrawing the issues and discharging the jury. (2) The court erred as to defendant, Wells, in receiving the testimony of D. A. Patton. It was a conversation of Wanzer's in the absence of Wells, long after he had purchased the property, and the court received it as against both the defendants without qualification; and Bronson was permitted to testify to the same conversation. (3) The court should have received the testimony of the offer by the defendants to return and re-deed the property to the plaintiffs, if they would return and pay back the amount paid to them by Wanzer. (4) The court erred in finding against Wells at all. Taking a deed even expressed on its face to be subject to a mortgage is not an undertaking to pay the mortgage. He is only liable to pay a prior mortgage when the deed so stipulates and then it is a simple debt or undertaking to be enforced *in assumpsit* by the mortgagee. *Duncan v. Baker*, 72 Mo. 469; *Helm v. Vogel*, 69 Mo. 529; *Cox v. Esteb*, 68 Mo. 110. (5) The court erred in permitting Macon county to interplead and claim the judgment to be rendered after the evidence was closed. Besides, the decree was not responsive to the allegations of the petition. *Crowe v. Peters*, 63 Mo. 429; *Cox v. Esteb*, 68 Mo. 110; *Clements v. Yates*, 69 Mo. 625. (6) The court erred in declaring a vendor's lien in favor of Bronson. *Emison v. Whittlesey*, 55 Mo. 254.

*Berry & Thompson* for respondents.

(1) The decree of the lower court should be affirmed. It was understood by the Bronsons and by Wanzer at the time that the land was covered by the county's mortgage and hence the insertion in Wanzer's deed "subject to any incumbrance of the county of Macon." Wanzer

under the facts still owes Mrs. Bronson the remainder of the purchase money. (2) Wells, when he bought, had such knowledge of the facts as to put a prudent man on inquiry as to the incumbrance on the land. (3) The court properly treated the petition as a bill in equity to enforce a vendor's lien for purchase money. (4) Mrs. Bronson was not bound by the agreement made by her husband with Wanzer, by which the latter was to pay her note to the county. She can ratify such acts of her husband as her agent as she chooses. *Hall v. Callahan,* 66 Mo. 316.

RAY, J.—In 1876 Martha H. Bronson, wife of Samuel P. Bronson, owned in her own right the northwest quarter of the southeast quarter of section twenty-five, township fifty-seven, of range fourteen, in Macon county, Missouri. On the fifth day of April, 1876, Mrs. Bronson borrowed five hundred dollars of Macon county, from the school fund, and she and her husband then executed and delivered their note therefor to Macon county, and at the same time executed and delivered a deed of trust intending thereby to convey said land in trust to secure said note, but by mistake the land was described in the deed of trust as the northeast instead of the northwest quarter. In November, 1876, the Bronsons sold and conveyed the land by correct description to appellant, Wanzer, for a consideration of eight hundred and fifty dollars.

The deed to Wanzer was a general warranty in form, and specially undertook to warrant and defend the title against all claims and demands, "except taxes due and any incumbrance to the county of Macon." This deed was duly acknowledged and recorded the same day. Afterwards, on the tenth day of April, 1878, defendant, Wanzer, sold and conveyed said land to defendant, George Wells, by warranty deed duly recorded, for the consideration of four hundred dollars. This suit is to

recover of said Wanzer five hundred dollars and interest, balance of the purchase money alleged to be due and unpaid, upon the sale of the premises by plaintiffs to him, and to enforce the vendor's lien against the property for the balance of the purchase money found to be due.

The petition sets out the foregoing sales, alleges that prior thereto, on the fifth day of April, 1876, the plaintiffs borrowed of Macon county a sum of money, and to secure the payment thereof gave a deed of trust upon what they supposed to be the same property and real estate now in controversy, but that by mistake the numbers and description inserted in said deed of trust were the northeast of the southeast of twenty-two, fifty-seven, fourteen, instead of the northwest of the southeast of twenty-two, fifty-seven, fourteen, the latter being the property intended to be conveyed by the said deed of trust; that at the time of the sale to Wanzer, plaintiffs had not discovered the error, but both believed the county debt to be a lien on the property, and so informed Wanzer, and that the county's incumbrance thereon was mentioned in the deed so delivered to him; that at the time of the sale to Wanzer there was unpaid and due of the Macon county debt about five hundred dollars with some interest; that Wanzer paid plaintiffs on said land two hundred and eighty dollars, and assumed and promised to pay off the county debt, as the balance of the purchase money; that Wanzer's sale and conveyance to Wells was only pretended, and made to cheat and defraud plaintiffs, and that Wells accepted his deed from Wanzer with full knowledge of all the facts; that neither Wanzer nor Wells had paid the five hundred dollars due the county, nor any part thereof, but the same remained unpaid and that the plaintiffs were still liable therefor to Macon county.

The defendants then answered separately, putting in issue all allegations of the petition, except the rela-

tionship of plaintiffs and the several conveyances to the defendants.

At the trial the defendants claimed that this was an action at law for the recovery of money, and demanded a jury. But the court held the case to be one in equity and refused a jury except upon issues. It ordered a jury for the purpose of trying some four several issues, all of which were, however, withdrawn from the jury at the close of the evidence, except issue numbered four, as to whether or not the defendant Wells, at the time of his purchase of the land in controversy from the defendant Wanzer, had notice that said defendant Wanzer was owing any part of the purchase money on said land, which issue number four was submitted. After having been instructed by the court, on its own motion, upon said issue, the jury retired to consider of their verdict and afterwards returned into court and reported that they had failed to agree, and the court thereupon discharged the jury and found the issue for the plaintiffs. After the finding upon the issue, but before final judgment was rendered, Macon county filed her interplea by leave of court. The interplea was filed by prosecuting attorney, Ben. E. Guthrie, one of the attorneys of the plaintiffs, and states that the claim of Mrs. Bronson, sought to be enforced, is her sole and separate property; that at the time of the execution of the notes to Macon county said Martha H. Bronson was seized and possessed of certain personal property of great value as her sole and separate property; that the pleadings in this cause admit and the evidence shows that she is equitably indebted to Macon county in the sum of five hundred and one dollars; that the sole and separate property of said plaintiff is liable for the payment of such debt; that the pleadings admit and the evidence shows that said plaintiff fully intended and specially stipulated that the proceeds of this claim against defendant should be applied to the payment of

the county debt. That said county had an equitable right to have said claim appropriated to the payment of her debt against said plaintiff. The county prays, therefore, that the decree in this cause in favor of plaintiffs be so made and rendered that the proceeds of the judgment be applied to the payment of the county debt due from the Bronsons.

In the progress of the trial the defendants duly excepted to the court's action in refusing a jury and to the withdrawal of said issue number four when submitted, and to the court's action in discharging the jury and its said finding for the plaintiffs thereon, and to its action in admitting the county to interplead in said cause. Portions of the evidence deemed material and defendants' exception to the admission of certain portions thereof will be hereafter noticed.

The decree rendered by the court recites the facts stated in the petition and finds them to be true; finds fraud and collusion between Wells and Wanzer; finds that the real estate mortgaged to the county was the property of Mrs. Bronson; that the property was worth nine hundred dollars when sold to Wells; that the county's debt against the Bronsons was $818.06; that Wanzer had assumed to pay the county debt as part of the consideration of his purchase, but had failed to do so, and was indebted to the plaintiff, Martha Bronson, in the sum of $818.06; that Macon county by consent of plaintiffs had interpleaded and claimed the proceeds of the suit. Judgment is rendered against Wanzer in favor of Mrs. Bronson for $818.06, and it is decreed that the land be charged with a vendor's lien, and be sold by the sheriff on special execution; and that the proceeds be brought into court and applied to the payment of the costs of this suit and the county's debt of $818.06, the balance, if any, to be paid to Wells. After unsuccessful motions for new trial and in arrest the defendants bring the case to this court by appeal.

A careful examination of this entire record fails to disclose any error in the action of the trial court, of which these defendants, or either of them, can justly complain. The court properly treated the case as in the nature of an equitable proceeding to enforce the plaintiffs' lien, as vendors of real estate, for balance of the purchase money remaining due and unpaid, and subjected the same in the hands of defendant Wells, with notice thereof, to sale for its payment. The case, therefore, was one properly triable by the court, and in which the defendants could not, as a matter of right, demand a jury. In such cases, however, the court, in its discretion, "may take the opinion of a jury upon any specific question of fact involved therein, by an issue made up therein for that purpose." See sections 3600 and 3601 of the Revised Statutes of 1879. It has frequently been held by this court, that while the circuit court may, in its discretion, thus take the opinion of a jury, still it is not bound thereby and may adopt or reject the same, according to its best judgment, upon consideration of the whole case, and all the evidence therein. *Snell v. Harrison*, 83 Mo. 651, and authorities there cited.

The execeptions to the rulings of the court, as to admission of evidence, with the qualification and limitations thereto attached by the court, were not well taken. The jury were properly told that while the evidence offered and complained of was not competent as against the absent party, yet, that it was admissible against the party in whose presence the conversation or transaction occurred. There was no pretense but that there was a balance of the purchase money from Wanzer to Mrs. Bronson due and unpaid, and the only real controversy was whether the defendant Wells, had notice thereof when he purchased of Wanzer. On this point, there was much testimony on both sides, and great conflict and contradiction in much of it. Besides that, the recital in the deed from Bronson to Wanzer, under which

defendant Wells necessarily claimed, was such as to put him on inquiry as to the extent and nature of "any incumbrance" that Macon county might have thereon.

If the records, when searched, failed to disclose "any incumbrance," or what it was, yet application to the county officials having in charge such matters, if convenient and acceptable, might and probably could have informed Wells of the existence of the incumbrance to the county referred to in said deed to his vendor Wanzer, as well as its precise nature and extent. This inquiry, it seems, he failed to make. The source of this information, it appears, was at hand, and easily accessible to Wells, if he really wanted to find out, and his failure so to do, in connection with other evidence in the case, might well justify the inference that he either purposely avoided such inquiry, or otherwise had knowledge thereof. To say the least of it, there was in the record abundant evidence to justify the finding of the trial court, which had all the witnesses before it, and a better opportunity to judge of its weight and value than we can have by simply reading the record of what occurred before the trial court. Under such circumstances we are accustomed, even in equity cases, to defer somewhat to the findings and judgment of the trial court, who thus has all the parties before it. *Chapman v. McIlwrath*, 77 Mo. 38.

As to the interplea of Macon county, under the circumstances shown in the pleadings and the evidence in the cause, we see nothing in the action of the court in that regard of which the defendants can justly complain.

If the finding of the court was right and proper, of which we have no question, we cannot see what concern it is to the defendants who got the proceeds of the sale of the land so ordered. The plaintiffs Bronson are the only parties affected thereby, or who might have cause to object thereto; but they did not appeal from said order or judgment, and as far as the record shows, acquiesced

therein and consented thereto. Under this state of the record, we are not called on to consider what defence, if any, Mrs. Bronson might have made to such interplea, if she had sought to do so. It is clear from the record that the plaintiff Bronson had a right, as vendor, to subject the land to sale, to pay the balance of the unpaid purchase money, and we see no merit in the offer of defendant Wells to surrender the land to plaintiffs, coupled with the condition that plaintiffs should first refund that part of the purchase money already paid. We find no error in the record, and the judgment of the trial court is affirmed. All concur.