## N. W. Bucks, Appellant, v. A. B. Moore, Respondent.

### Kansas City Court of Appeals, May 20, 1889.

1. **Fraudulent Conveyances:** EVIDENCE: ADMISSION OF RECORD OF JUDGMENT IN FORMER ATTACHMENT SUIT IN ANOTHER STATE: VOLUNTARY CONVEYANCE OF EMBARRASSED DEBTOR. Plaintiff brought an action by attachment against the defendant on the ground of a fraudulent conveyance and assignment of his property to hinder and delay his creditors. On the trial of the plea of abatement to such attachment, plaintiff offered in evidence a deed of a certain lot to plaintiff, and then a deed for the same lot from plaintiff to one Ennis, and another deed from said Ennis to the late wife of defendant, the consideration of said last two deeds being recited therein as one thousand dollars. Plaintiff next offered in evidence a duly authenticated transcript of the record of a judgment and attachment proceeding in Kentucky, between the same parties, disclosing a judgment against defendant and in favor of plaintiff for eight hundred and twelve dollars, and that the attachment was based upon the uncontroverted allegation that defendant had no property in that state subject to execution, and a garnishment branch of the proceeding in which a note discovered in the hands of the garnishee was interpleaded for by one Ennis on the ground of an assignment by defendant, who, in his pleading therein, admitted and averred said assignment, but the finding and judgment on the issue was for the plaintiff, which transcript the court refused to admit. *Held* error, as said record tended strongly to show that defendant was the debtor of plaintiff at the time of said conveyances and was at the said time in embarrassed and insolvent circumstances and in connection with evidence tending to show that said conveyances were without consideration and voluntary would have made a *prima facie* case for plaintiff, since a voluntary conveyance of an embarrassed debtor without means beyond the conveyed property is fraudulent in law without any specific intent to defraud.

2. ———: CONVEYANCE TO A MARRIED WOMAN: PRESUMPTION AS TO CONSIDERATION MOVING FROM HUSBAND. While it is the rule that the consideration expressed in a deed must be taken as the true and only consideration moving to the execution thereof unless there is evidence showing otherwise, yet in the case of a deed to a married woman, if not shown to have been paid for with her separate means, the law presumes it to have been acquired with the means of her husband and it follows that plaintiff had made out his *prima facie* case and should have been permitted under proper instructions to go to the jury.

VOL. 36—34

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton,* for the appellant.

(1) The court should have admitted the transcript of record of the case of *Bucks v. Moore,* from the circuit court of Warren county, Kentucky, as it tended to sustain the cause set out by appellant for attachment in this : That it showed that respondent was indebted over one thousand dollars, and also tended to show that respondent had fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors. *Bohannon v. Combs,* 79 Mo. 305; *Wash v. Kettleman,* 84 Mo. 427; *Hastings v. Cleveland,* 13 Mo. App. 592; *Hopkins v. Seivert,* 58 Mo. 201; *Groschke v. Bardenheimer,* 15 Mo. App. 353. (2) The warranty deed of Moore and wife to Ennis for lot 14, in Thacker's second addition to Carthage, and quitclaim deed from Ennis back to Moore's (respondent's) wife being made and recorded the same day and for the same expressed consideration, is a circumstance to establish the fraudulent conveyance, by respondent, of his property to defraud his creditors. *Hastings v. Crossman,* 13 Mo. App. 592; *Boyle v. Boyle,* 6 Mo. App. 594; *Payne v. Stanton,* 59 Mo. 158; *White v. McPheeters,* 75 Mo. 286; *Bohannon v. Combs,* 79 Mo. 305; *Limberger v. Baker,* 88 Mo. 447; *Dunnan v. Coleman,* 8 Mo. App. 594. (3) Where real estate is conveyed to a married woman the law presumes that her husband paid for it, and the conveyance to the wife voluntary and fraudulent as to prior creditors. *Weil v. Simmons,* 66 Mo. 620; *Sloan v. Torrey,* 78 Mo. 623, and authorities cited above; *Walsh v. Ketchum,* 84 Mo. 427. And the burden of the proof

Bucks v. Moore.

rests on the respondent (defendant) to rebut the presumption of fraud. *Limberger v. Baker*, 88 Mo. 447; *Hurley v. Taylor*, 78 Mo. 238; *Mittleberg v. Harris*, 11 Mo. App. 136; affirmed *Mittleberg v. Harris*, 90 Mo. 444; *Bank v. Overall*, 16 Mo. 510, affirmed *Bank v. Overall*, 90 Mo. 410. Fraud is proved by facts and circumstances, and where there are any facts and circumstances tending to prove fraud, they should be submitted to the jury. *Massey v. Young*, 73 Mo. 260; *Hopkins v. Seivert*, 58 Mo. 201, and authorities cited above.

*Thomas & Hackney*, for the respondent.

(1) No error was committed by the trial court in excluding as evidence the transcript of proceedings in Warren county, Kentucky. Evidence that defendant was indebted to plaintiff was wholly irrelevant and immaterial on the trial of the plea in abatement. For the purpose of that trial the indebtedness of defendant to plaintiff was admitted. *Switzer v. Carson*, 9 Mo. 742. The judgment dismissing the interplea of W. P. Ennis did not show any fraudulent conveyance or assignment by this defendant; and even if it had recited such a finding, still, as this defendant was in nowise connected with the proceedings on the interplea, the matter was purely *res inter alios acta*. (2) The defendant's demurrer to the evidence was properly sustained. Upon the issue raised by the plea in abatement, plaintiff was required to prove the existence of the facts alleged by him as grounds for the attachment, viz., "that defendant had fraudulently conveyed or assigned his property," etc. R. S. 1879, sec. 439. There being no evidence to controvert the recitals in the deeds introduced in evidence by plaintiff, the evidence simply showed that defendant sold and conveyed to Ed. H. Ennis lot 14 in Thacker's second addition to Carthage, and received from said Ennis as the purchase price of

said lot one thousand dollars cash. That afterwards said Ennis sold and conveyed said lot to Anna E. Moore, wife of defendant, and received from her as the purchase price of said lot one thousand dollars cash. In the absence of evidence to the contrary, the consideration expressed on the face of the deed must be considered the true and only consideration. *Burdit v. Burdit,* 2 A. K. Marsh. 143; *Haywood v. Moore,* 2 Hump. (Tenn.) 584; *Clements v. Landrum,* 26 Ga. 401. The conveyance from defendant to Ennis being made in consideration of one thousand dollars cash paid by Ennis to defendant was not voluntary. Bump Fraud. Conv. (1 Ed.) p. 279. As the proof did not show any other conveyance or assignment made by defendant, the allegations of the affidavit for attachment were not sustained by the evidence. (3) Appellant contends that when land is conveyed to a married woman the law presumes that her husband's money paid for it. This is no longer the rule in this state. Since the passage of the married woman's act of 1875, now section 3296, Revised Statutes, 1879, the rule announced in *Weil v. Simmons,* 66 Mo. 620, and *Sloan v. Torrey,* 78 Mo. 623, as to such presumption is abrogated. The former presumption, that the purchase by the wife was made with the husband's means, arose from the fact that by the common-law marital rights of the husband, he was entitled to the money that his wife might be possessed of during coverture. But the purpose and intent of this statute was to destroy the husband's common-law marital rights as to his wife's personal property. Kelley on Cont. Mar. Wom., p. 435. The husband can now reduce her property to his possession only by her express assent in writing. R. S. 1879, sec. 3296; *Rodgers v. Bank,* 69 Mo. 562. A purchase by the wife is now presumed to be with her own money. And especially is this the case where the deed recites that the consideration was paid by her. *Stall v. Fulton,* 30 N. J. L. 437-8.

But conceding for the purpose of argument, that the law presumes that Mrs. Moore used one thousand dollars of her husband's money in purchasing this property, still there is a failure on plaintiff's part to prove the allegations of the affidavit. This would be neither a conveyance nor an assignment by defendant of his property; but would be a disposal, a different and distinct ground for attachment. *Bullene v. Smith*, 73 Mo. 151; *Douglass v. Cissna*, 17 Mo. App. 55.

SMITH, P. J.—This was an action of attachment brought by the plaintiff against the defendant in the circuit court of Jasper county. The ground of the attachment was that the defendant had fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors.

The truth of this allegation was put in issue by a plea in abatement. At the trial the plaintiff, to maintain the issue, gave in evidence, (1) a warranty deed from C. A. Rump to defendant, conveying to him a certain lot in the city of Carthage; (2) a like deed from defendant and wife to Ed. H. Ennis for said lot, dated May 10, 1883, and filed for record June 18, 1883; (3) also a deed for same property from said Ennis to Anna E. Moore, the date of the execution and filing for record, being the same as the preceding deed.

The consideration expressed in each of said last two deeds was one thousand dollars. It was admitted that the said Anna E. Moore mentioned in said last described deed was at the time of the execution thereof the wife of the defendant.

The court, upon the objection of the defendant, refused to permit the plaintiff to read in evidence a duly authenticated transcript of the record of the circuit court of Warren county, in the state of Kentucky, in a certain case between the parties who are the same as in this suit. This record discloses: (1) That on the second day of February, 1880, a judgment was rendered

in favor of the plaintiff Bucks, against defendant herein for the sum of $812.26.   (2) That the action was by attachment wherein one of the grounds alleged therefor was that "defendant has no property in this state subject to execution, or not enough thereof to satisfy the plaintiff's demand."   The ground of the attachment so alleged was not controverted by plea or answer.   (3) That there was a garnishment branch of the attachment suit wherein a certain note attached in the hands of a garnishee, executed by him to a defendant, was claimed by one Ennis in an interplea interposed for that purpose.

Both the defendant in his answer, and the interpleader, alleged that said note had been assigned to the interpleader by the defendant in good faith, for value before maturity, and that upon the trial of the issues in said garnishment proceedings, the claim of the interpleader was denied and the said note adjudged properly attached.

The plaintiff then rested his case and the court thereupon instructed the jury that upon the pleadings and evidence the plaintiff was not entitled to maintain the attachment.

There was a verdict and judgment for defendant.

Plaintiff prosecutes his appeal here.

The plaintiff has assigned two errors here:

(1)   That the circuit court erred in excluding proper evidence.

(2)   That it was error to give said instruction.

I.   The first ground of error assigned imposes upon us the duty of reviewing the action of the circuit court in excluding the record of the Kentucky court.   At the outset I may state that I think this record should have been permitted to have been read in evidence.

It is now the well-settled rule of law in this state that a voluntary conveyance made by a debtor in embarrassed circumstances without means, outside of the particular property conveyed, for the satisfaction of his

then existing debts, though made without any specific intent to defraud, is fraudulent in law as to all who were creditors at the time of the execution of the conveyance, and whose debt remains unpaid and incapable of collection in the ordinary course of proceedings. *Walsh v. Ketchum,* 84 Mo. 431 ; *Porter v. McDonald,* 31 Mo. 62 ; *Patton v. Casey,* 57 Mo. 118 ; *Lionberger v. Baker,* 88 Mo. 447 ; *Payne v. Stanton,* 59 Mo. 158.

The record referred to tended to establish in part the conditions required by the rule just stated, upon which the law predicates the conclusive presumption of fraud. Prior indebtedness is presumptive evidence of fraud. *Loyd v. Fulton,* 91 U. S. 479.

The said Kentucky record tended most strongly to show, (1) that the defendant was a debtor of the plaintiff at the time of the execution of said several conveyances, and (2) that defendant was then in embarrassed circumstances without means, outside of the particular property conveyed for the satisfaction of his then existing debts. In fact it showed that the defendant was in contemplation of law insolvent.

This record, in connection with evidence tending to show that the said conveyances were without consideration and voluntary, would have been quite sufficient to have made out a *prima facie* case for the plaintiff. Upon such evidence the law would have presumed said conveyances were fraudulent, and that they were made to hinder and delay defendant's creditors. Under such a showing by the evidence, said conveyances would have stood condemned as fraudulent, and the burden of proof would have been cast upon defendant to show circumstances which would have repelled the presumption of fraudulent intent. *Walsh v. Ketchum,* 84 Mo. *supra.*

It was error therefore for the circuit court to exclude the record of the Kentucky court from the evidence.

II. As to whether or not the conveyance from Ennis to Mrs. Moore was voluntary and without consideration,

is a question whose solution is not without difficulty. The consideration expressed in this deed is one thousand dollars. As the presumption is always in favor of the forms of an instrument, the statement of the payment of the consideration in an instrument is *prima facie* evidence of the fact. Bump on Fraud. Con. 575.

The consideration expressed in a deed must be taken as the true and only consideration moving to the execution of it, unless there is evidence showing otherwise. *Haywood's Heirs v. Moore*, 2 Humph. [Tenn.] 584; *Clements v. Landrum*, 26 Ga. 401. Inquiry into the consideration upon which a transfer is founded is permissible. Bump on Fraud. Con. 219.

But the plaintiff offered no evidence to rebut the *prima facie* evidence of consideration expressed in said conveyance.

It may be that there was no valuable consideration passed from the grantees to the grantors for the said conveyances of the said real property, and if so, then they would all be of a voluntary character. The remark of the judge who delivered the opinion in *Hoxie v. Price*, 31 Wis. 82, that "on account of the great facility which the marriage relation offers for the commission of frauds, these transactions between husband and wife should be scrutinized to see that they are fair and honest and not mere contrivances resorted to for the purpose of placing the husband's property beyond the reach of creditors, may apply to the facts of this case when developed. Such facts are not, however, presented by the record before us.

The plaintiff contends further that inasmuch as the conveyance in question was executed to defendant's wife during coverture that the law presumes that the purchase money therein recited to have been paid was the money of defendant.

As the law stood before the passage of the act of 1865, now embodied in section 3395, Revised Statutes, if

Bucks v. Moore.

a married woman purchased real estate during coverture, if not shown to have been paid for with her separate means, the law presumed it to have been acquired with the means of her husband. *Sloan v. Torrey*, 78 Mo. 625. In *Weil v. Simmons*, 66 Mo. 620, Judge SHERWOOD, who delivered the opinion of the court, quotes approvingly the words used by Mr. Justice STRONG in *Seitz v. Mitchell*, 94 U. S. 589, "that where the contest is between the wife and the creditors of the husband, mere evidence that she purchased the property during coverture is not sufficient to prove title ; that it must be satisfactorily shown that the property was paid for with her own separate funds, and that in the absence of such evidence the presumption is a violent one that the husband furnished the means of payment." This ruling seems to have been based upon the authority of the Pennsylvania cases: *Keeny v. Good*, 21 Pa. St. 349 ; *Walker v. Reamy*, 36 Pa. St. 410.

And in the more recent case of *McFerren v. Keemey*, 22 Mo. App. 534, it was held by this court that notwithstanding the various acts of the legislature enabling the wife and disabling the husband with respect to the property of the former that the rule of evidence announced in *Sloan v. Torrey*, *supra*, remains unaffected.

Whatever I may think of the correctness and soundness of the ruling thus declared and adhered to, and especially since the act of March 16, 1883, Sess. Acts 1883, p. 113, I do not feel at liberty to now question the same.

It follows from these considerations that the plainiff had made out his *prima facie* case and should under proper directions from the court as to the evidence been permitted to go to the jury.

The judgment of the circuit court will be reversed and the cause remanded to be proceeded with in conformity with this opinion. All concur.