R. M. Price, Respondent, v. Wm. F. Reed, Appellant.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

1. **Practice, Trial**: ISSUE FOR JURY. While it may be the better for the trial court, where it is authorized to take the opinion of the jury upon any specific question of fact, to submit an issue for that purpose before any part of the testimony is heard, still the statute does not so require, and where the jury hear all the testimony, and pass upon the issue, no substantial error is committed.

2. **Money Had and Received**: CONSIDERATION OF LAND SALE: ASSUMPTION OF VENDOR'S DEBT: PAROL EVIDENCE: STATUTE OF FRAUDS. W., a land-owner, borrowed money of and gave his note to plaintiff, but in his deed of trust to secure the same, by mistake, misdescribed his land. Defendant bought the land of W., who became insolvent, and agreed with W. and plaintiff to pay plaintiff's note as part of the consideration, and in fact, in making payment, deducted the amount of the note from the purchase money. Subsequently he sells and conveys the land to an innocent purchaser for full value. *Held,—*

    (1) The effect of the transaction was to create a cause of action in favor of the plaintiff against defendant for the money placed in his hands by W. for plaintiff's benefit.

    (2) That parol evidence was admissible to show that defendant promised to pay plaintiff.

(3) That such promise, being under the circumstances, no more than promising to pay his own debt was not within the statute of frauds.

(4) That a demurrer to the evidence was properly refused.

(5) That an instruction in reference to the promise to plaintiff after the consummation of the land trade did not assume more than the pleadings admitted.

(6) And that evidence supporting plaintiff's replication was harmless.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Geo. Robertson*, for the appellant.

(1) The court should have submitted the issue at the commencement of the trial, so soon as the issues were made up by the pleadings. R. S. 1879, secs. 3601, 3603; Proffatt on Jury Trial, sec. 94. The defendant at the close of plaintiff's testimony asked the court to submit an issue. At that time plaintiff had put in evidence only such testimony, as was admissible under the general denial of defendant's answer, and an issue could have been framed that would have presented only the one issue, and thus avoided putting before the jury a mass of testimony foreign to the issue, and only competent in the matters presented by the equity side of the case. (2) The written contract of the sale from Walker to Reed was the only evidence of the conditions of the trade; neither it nor the deed from Walker to Reed mentioned the assumption of the Price note, therefore any oral evidence as to the conditions of the trade was inadmissible. A contract for the sale of land must be in writing. R. S. 1879, sec. 2513. "Parol contemporaneous evidence is in one word admissible to contradict or vary the terms of a valid written instrument."

1 Greenl. Ev. [7 Ed.] sec. 275, *et seq.; Pearson v. Carson,* 69 Mo. 550; *Miller v. Dunlap,* 22 Mo. App. 97. In case of a written contract for the sale of land, parol evidence is inadmissible to show that the vendee agreed to assume a certain mortgage upon the property as a part of the purchase price. Boone Law of Mort., sec. 134; *Lewis v. Day,* 53 Iowa, 575; *Heisly v. Swanton,* 41 N. W. Rep. 102. (3) No action at law lies by the mortgagee on a promise made the vendor by the purchaser of an equity of redemption to assume, and pay as part of the consideration named in the deed, the mortgage on the land. *Prentice v. Brimball,* 123 Mass. 291; *Pettee v. Rephord,* 120 Mass. 522; *Meech v. Ensign,* 49 Conn. 191; 44 A. R. 225; *Bank v. Grand Lodge,* 98 U. S. 123. (4) There was no competent evidence before the jury that defendant Reed agreed to pay or assume the note to Price. The court should have instructed the jury to return a verdict for the defendant on that issue, hence erred in refusing to do so. While no particular form of words is necessary to constitute the assumption, it must show unequivocally the intent to assume, and this intendment be clearly proven by competent testimony. Pomeroy Eq. Juris., sec. 1206. The burden being upon the plaintiff he should prove it clearly and specifically. (5) The instruction given on behalf of plaintiff is not warranted by the testimony. It assumes that, in the settlement of the trade after the contract had been executed, and the trade fully consummated, then Reed agreed to pay the Price note. (6) The jury were doubtless misled by the introduction of the testimony in support of plaintiff's reply. It was error in the court to have permitted that to go before the jury, as it was irrelevant to any issue that could be submitted to the jury. (7) The issue submitted by the court to the jury is, whether "Reed as a part of the purchase price, etc., did agree, etc., to pay, etc., Price." The instruction given on behalf of the defendant is not on that issue, but submits another and different

issue, to-wit: "Did defendant in the settlement of the trade, etc., agree," etc.?

*G. B. Macfarlane* and *J. G. Trimble*, for respondent.

(1) The promise of Reed to pay Walker's debt to plaintiff was binding on him, regardless of the mortgage. *Brown v. Brown*, 47 Mo. 131; *Green v. Estes*, 82 Mo. 340. (2) By agreeing to pay plaintiff, as a part of the consideration for the land, Reed was simply promising to pay his own debt, and not the debt of another, and the promise was not within the statute of frauds. A verbal promise is sufficient. Boone on Mortgages, sec. 125; *Wilson v. King*, 23 N. J. Eq. 152; *Putnay v. Franklin*, 27 Wis. 187; *Huyler v. Atwood*, 26 N. J. Eq. 504. The agreement may be wholly outside the conveyance, and parol evidence does not vary the deed or contract of sale. Jones on Mortgages, sec. 750; *Baker v. Bradley*, 42 N. Y. 316; *Remmington v. Palmer*, 62 N. Y. 31; *Schumacher v. Sibert*, 18 Kan. 104; *Mahoney v. Mahoney*, 54 Md. 268. (3) Notwithstanding the misdescription of the land attempted to be conveyed by the deed of trust, the deed of trust was, in equity, a lien on the land for the mortgage debt as to defendant who had notice when he purchased the land from Walker. Boone on Mortgages, sec. 133; *Martin v. Nixon*, 92 Mo. 34; *Figart v. Halderman*, 75 Ind. 564. (4) Under the contract Reed became the principal debtor, and Walker surety for him. *Flagg v. Munger*, 9 N. Y. 499; 3 Pomeroy's Eq., sec. 1206; *Huyler v. Atwood*, 26 N. J. Eq. 504; *King v. Whitely*, 10 Paige, 468; *Calvo v. Davies*, 73 N. Y. 215; Boone on Mortgages, secs. 124-27. (5) The land became the primary fund for the payment of the mortgage. *Hartly v. Harrison*, 24 N. Y. 171; *Calvo v. Davies*, 73 N. Y. 215; *Russell v. Pister*, 7 N. Y. 171; *Weber v. Zeimet*, 30 Wis. 283; 3 Pomeroy's Eq., secs. 1255 and 1206. (6) In the absence of fraud, a

grantee of land, in possession under his deed, cannot set up a defect of title to the land purchased, as a defense to a suit at law for the purchase price. *Cockrell v. Proctor*, 65 Mo. 41; *Cowner v. Eddy*, 25 Mo. 75; *Pushing v. Canfield*, 70 Mo. 140; *Hunt v. Marsh*, 80 Mo. 397; *Cartwright v. Culver*, 74 Mo. 179; *Harvey v. Morris*, 63 Mo. 475; *Smith v. Busby*, 15 Mo. 387. (7) Equity will only grant relief, against a suit or judgment for the purchase price of land to a grantee in possession, when the land was conveyed, with covenants of title, and the grantee is insolvent on the ground of failure of title: *First*. When the defect of title is admitted or is clearly and certainly shown. *Second*. When there is a reasonable probability that the adverse claimant will assert his claim. *Third*. When the grantee purchased the land without knowledge of the adverse claim. *Fourth*. When the grantee himself has done equity, and is entitled to relief on general principles of equity. *Jones v. Stanton*, 11 Mo. 436; *Cowner v. Eddy*, 25 Mo. 75; *Mitchell v. McMullen*, 59 Mo. 253; *Abatt v. Allen*, 2 Johns. Ch. 520; *Bumpus v. Platner*, 1 Johns. Ch. 217; *Leggett v. McCarty*, 3 Edwards Ch. 124; 5 Munford, 295; 1 Dana, 308, 328. (8) It is questionable whether a grantee assuming the payment of an existing mortgage can defend against a suit on the contract by the mortgagee on the ground of failure of title even after eviction. *Dunning v. Leavitt*, 85 N. Y. 33; *Thorp v. Coal Co.*, 48 N. Y. 253. (9) No defense could have been made to a suit to correct and foreclose the deed of trust. The defense in such suit could only have been to a personal judgment for deficiency. *Benedict v. Hunt*, 32 Iowa, 30. Defendant, by a sale of the mortgaged premises to an innocent purchaser, deprived plaintiff of his right to foreclose, and of his entire security. Under the circumstances it would be inequitable to grant the relief demanded, and given him by the circuit court, whatever the condition of the title. *Crawford v. Edwards*, 33

Mich. 362; *Eller v. Hoache*, 67 Wis. 654. Defendant, by his conveyance to Steele, transferred to him his right of action on the covenants contained in Walker's deed, and, having no cause of action, he could not make this defense. *Allen v. Kennedy*, 91 Mo. 329.

SMITH, P. J.—This was an action brought by the plaintiff against the defendant in the circuit court of Audrain county, upon a promissory note executed by one Walker to the plaintiff, to secure which, it is alleged in the plaintiff's petition, Walker undertook to execute a deed of trust on certain real estate, which through the mistake of the scrivener was inaccurately described; that subsequently Walker sold said real estate, and by deed of general warranty conveyed the same by a correct description to defendant, and that, as a part of the consideration thereof, defendant assumed the payment of said note to plaintiff; that afterwards defendant sold said real estate. The answer denied the assumption of the payment of the note sued upon, but admitted that the defendant had sold said real estate, and that he had conveyed the same by a deed of general warranty.

The answer further alleged that one R. S. Pearson, administrator of the estate of J. V. Pearson, deceased, had sold said real estate in 1877 without authority of law and in violation of the rights of the widow and minor children of the deceased; that said Walker held said real estate under said administrator's sale, and that the only title he had was derived therefrom; that the said widow and children were the owners of said real estate, and that there was a failure of Walker's warranty to him. The prayer of the answer was that plaintiff be restrained from attempting to recover the purchase price of said land until he indemnified defendant against loss by reason of the failure of title, etc. The replication by way of estoppel set forth the title to

said real estate, the defendant's knowledge of the plaintiff's equitable lien, the conveyance to an innocent purchaser for a full consideration for the purpose of defeating plaintiff, and the extension of time given him by plaintiff at his request.

The court submitted to a jury the following issue: "Did defendant as a part of the purchase price of the land promise and agree to pay the note for twelve hundred dollars made by Walker to plaintiff?"

The facts disclosed by the evidence were substantially these: In December, 1883, C. R. Walker borrowed twelve hundred dollars from the plaintiff, and undertook to execute a deed of trust on the land he owned in Audrain county, Missouri, to secure the payment of the note he executed and delivered to the plaintiff. The scrivener made a mistake in the description of the land. This error was first discovered by the defendant, Reed, in March, 1887, by the plaintiff in July, 1887, and by Walker, January 1, 1888. Walker paid nothing on the note, and, in the fall of 1885, plaintiff insisted on a sale of the land under his deed of trust or the payment of interest. Walker, in order to pay the debt to plaintiff, negotiates a trade with defendant Reed, telling defendant of the deed of trust and that his sale of the land was for the purpose of paying it. Defendant received a deed of general warranty from Walker in October, 1885. Before settlement with Walker he calculated the amount due on plaintiff's note and retained that much of the agreed purchase price and agreed with Walker to pay it to plaintiff. Plaintiff spoke to the defendant about the matter a short time before his purchase, and was told by defendant that he had agreed to pay the note, but that he was needing the money, and indulgence for a short time would be a great accommodation. Plaintiff, considering defendant's "promise as good as the money," agreed to an extension of time. In the spring of 1886 he again

asked for the money, and defendant promised to get it, but desired a further extension if possible. Plaintiff got other money sufficient for his purposes, and granted a further extension of time. In March, 1887, defendant had an abstract of title to the land made, and then discovered the error in the deed of trust to plaintiff, and what he considered a flaw in the title. Without saying anything to any one of his discoveries he sold, and by deed of general warranty conveyed the land to one Laura D. Steele for thirty-five hundred dollars, in July, 1887. She executed a deed of trust to one Maddex, and the filing of these deeds attracted the attention of H. F. Woodward, who wrote the deed of trust. He discovered the error and informed the plaintiff.

Plaintiff then went to defendant concerning the matter, and defendant admitted that he had agreed to pay plaintiff's note, but said he had "learned something since," and refused to pay. On the witness stand defendant said the reason he did not pay was he had discovered a flaw in the title; that he thought the title was bad when he sold to Mrs. Steele, and was still of the same opinion, but that he said nothing to Mrs. Steele about it.

The facts concerning the title, as developed in the evidence on the trial, were that, in 1868, one John V. Pearson and wife, then living on the land, executed a deed of trust thereon to secure payment of a note for eight hundred dollars, bearing ten per cent. compound interest; that said Pearson died on the land in 1874, not having paid anything on the note, and his estate did not pay more than thirty-five cents on the dollar. He left surviving him a widow and three minor children, all of whom are still living, as one family. Of the children, one, a daughter, is past eighteen; another, a son, is now (October, 1888) nearly, if not quite, twenty-one, and the third, a son, is now over seventeen years of age. A few weeks after her husband's death, the widow left the land, and moved to the town of Mexico, where she

has ever since resided. She rented the farm and attended to the collection of the rents herself. In 1877, the land being encumbered by the deed of trust of 1868 for more than its value, she went before the probate court and prayed the court to set-off to her, in lieu of homestead and dower in this land, certain other specified unencumbered real estate belonging to her husband's estate. The court made an order setting aside the real estate to her as prayed, and ordered the administrator to sell the encumbered land. The widow executed an agreement with the administrator to convey, by deed, to the purchaser at his sale, all her right, title and interest. The administrator sold the land under the direction and approval of the probate court, and with the proceeds satisfied the deed of trust.

Walker held by mesne conveyances from the purchaser at the administrator's sale. The widow and children have never made any claim to homestead or other rights in the land. The purchaser at administrator's sale went into possession in September, 1877, a short time after his purchase, and he and his grantees have held uninterrupted and undisturbed possession ever since.

Defendant took possession of the same under his deed from Walker, and delivered possession to Mrs. Steele when he sold to her.

The jury, under the instructions, which it is unnecessary to set forth here, found the issue for the plaintiff. The defendant, after an unsuccessful motion to set aside the finding of the jury, and the rendition of judgment, prosecuted his appeal to this court.

I. The answer contained an equitable defense, and converted the whole action into one in equity. *Hodges v. Black*, 8 Mo. App. 389; *Hodges v. Black*, 76 Mo. 537.

As to the first ground of the defendant's appeal, which is that the circuit court erred in not submitting

the issue to the jury at the commencement of the trial, it may be observed that while it may be true that ordinarily it would be a better practice for the trial court, in any case where it is authorized to take the opinion of the jury upon any specific question of fact involved therein, to submit an issue for that purpose before any part of the testimony is heard, still the statute does not require this. R. S., secs. 3601, 3603. Nor is it perceived that a failure to do so would operate in any way to the injury of the parties to the suit. In this case, the issue was not submitted to the jury until the plaintiff had put in his testimony, but as the jury heard the whole testimony, and, under the instructions of the court, passed upon the issue to it submitted, no substantial error was committed in this respect.

It has been held elsewhere that the trial court may, on its own motion, for sufficient reasons, cause issues to be framed after the testimony is taken. Proffatt on Jury Trial, sec. 94; *Hoitt v. Burleigh*, 18 N. H. 390; *Brinckley v. Brinckley*, 56 N. Y. 192. The taking of the opinion of the jury is matter within the discretion of the trial court, and which it may adopt or reject according to its best judgment upon the consideration of the whole case, and all the evidence. *Bronson v. Wanzer*, 86 Mo. 408; *Snell v. Harrison*, 83 Mo. 651; R. S., sec. 3601.

This ground of the defendant's appeal is, therefore, untenable.

II. As to the defendant's second ground of appeal, that the written contract of sale by Walker to him contained the only evidence of the conditions of the same, and that neither it, nor the deed from Walker to him, mentioned the assumption by him of the payment of the note sued on, and that consequently any parol evidence as to the conditions of the sale were inadmissible in evidence, it may be stated that while it is true that the statute of frauds imperatively requires all contracts, for the sale of lands, to be in writing (Revised

Statutes, sec. 2513), and that all parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written contract (*Miller v. Dunlap*, 22 Mo. App. 97; *Pearson v. Carson*, 69 Mo. 550), it is likewise true that the consideration expressed ·in a deed or other instrument conveying the title to land is open to parol explanation for most purposes.  *Bobb v. Bobb*, 89 Mo. 411; *Bucks v. Moore*, 36 Mo. App. 529.· In reference to all instruments acknowledging the receipt of a consideration, it is now well settled that it is competent by parol to show that no consideration was, in fact, paid or received, or that the consideration was greater or less than, or different from, the one expressed.  This may be done for every purpose except to impeach or destroy the instrument.  The amount or kind of consideration is not regarded an essential part of the contract, and is open to contradiction or explanation like a common receipt.  *Barker v. Bradley*, 42 N. Y. 316; *Frink v. Green*, 5 Bark. 456.

It seems quite clear that the effect of the transaction between Walker and defendant, in respect to the sale and purchase of said land, was to create a cause of action in favor of the plaintiff, against the defendant, for the money placed in defendant's hands by Walker, for the benefit of the plaintiff, and which, we think, the evidence abundantly shows the defendant promised to pay the plaintiff.  The transaction between Walker and defendant, in respect to said land, was evidenced by the contract and deed which were of even date.  These, we take it, constitute the contract, which, coupled with the parol evidence of the promise by defendant to pay plaintiff the amount of the note sued on, as a part of the consideration for the sale of the land to him, by Walker, was ample to establish the plaintiff's right of recovery.  *Burr v. Burr*, 24 N. Y. 178.

There is evidence tending to show that defendant promised to pay the plaintiff the note sued on after the

date of the execution of the said instruments respecting the sale of the land. It would seem, therefore, that the promise of the defendant to pay the plaintiff the said note, was, under the circumstances, no more than promising to pay his own debt, which was not within the statute of frauds. Boone on Mortg., sec. 125; *Wilson v. King*, 23 N. J. Eq. 152; *Putney v. Franklin*, 27 Wis. 187. We are unable to discover that the circuit court violated any rule of law by the admission of parol evidence to show that the defendant promised to pay the plaintiff the note made by Walker to him.

III. It follows, from what has been said in the preceding paragraph, that the circuit court did not err in refusing to instruct the jury that there was no evidence before it that the defendant agreed to assume the payment of said note.

IV. The objection that the instruction, given in behalf of the plaintiff, assumes that defendant promised to pay to plaintiff the Walker note, after the contract between defendant and Walker, in respect to the land, had been consummated, is not well taken. The assumption does not go to the extent contended by the defendant. It is not broader than the admission in the pleadings.

V. The evidence, in support of the plaintiff's replication, was probably immaterial to the issue, but whether this is so or not, it is difficult to understand, in the view of the case entertained by us, how the same could have injured the defendant.

Perceiving no errors in the record prejudicial to the defendant, the judgment of the circuit court for the plaintiff will be affirmed. All concur.