MARIA C. WERNER, Executrix, *et al.*, Respondents, v. LOUIS G. C. LITZSINGER AND KATHERINE E. LITZSINGER, Appellants.

St. Louis Court of Appeals, May 5, 1891.

1. **Conveyances**: NOTICE OF UNRECORDED DEED : EVIDENCE. Actual notice of an unrecorded deed of land is essential to enforce it against a purchaser for value, but such notice may be shown by circumstances as well as by direct proof.   Nor is it necessary that notice of the exact lien secured by such conveyance should be shown, it being sufficient if notice of a lien is shown, the nature of which could have been easily ascertained by inquiry by the person sought to be charged.

2. ———— : ————.   As against a subsequent grantee who is not a purchaser for value, but a volunteer, notice of an unrecorded conveyance of land is not necessary.

3. **Witnesses**: FAILURE OF PARTY TO TESTIFY.   The failure of a party, who is present at a trial, to testify does not shift the burden of proof ; but, when the evidence establishes a *prima facie* case against a party, and the issue is as to a matter particularly within the knowledge of such party, then his failure to testify, if he is present, warrants the presumption, in aid of that evidence, that he cannot rebut the case made against himself.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*John R. Warfield*, for appellants.

*John W. McElhinney*, for respondents.

Rombauer, P. J.—This is a bill in equity to fore-close a deed of trust (hereinafter termed a mortgage), after first reforming it, if the equities between the parties demanded its reformation. The mortgage upon its face is one to secure a note for $200, bearing interest at the rate of eight per cent. per annum, but it was admitted upon the trial that the true intention of the parties was, that it was to secure the interest of $16 per annum only, which interest was to be paid as an annuity to the mortgagee, and after his death to his wife, if she survived him, the payment to terminate upon the death of the survivor. The annuity thus provided for was the only consideration of the conveyance of the land by the mortgagee to the mortgagor, and it is undisputed that, in the absence of a mortgage, the land was subject to a vendor's lien to the extent of this annuity, while in the hands of the mortgagor, and those holding under him with notice. The only contention in this case is, whether the defendants are chargeable with actual notice of this vendor's lien or unrecorded mortgage. The trial court found that they are so chargeable, and made a decree reforming the mortgage, and charging the annuity upon the land. From this decree the defendants appeal, and assign for error that the court admitted illegal evidence, and that the decree is unsupported by the evidence.

The evidence adduced established the following facts : The plaintiff Maria is the surviving widow of the mortgagee, and hence the beneficiary of the annuity. The defendants are brother and sister, and are the children of the mortgagor. The mortgagor paid the annuity promptly for a period of at least eleven years, first, to the plaintiff 's husband and upon his decease to the plaintiff. He then conveyed this and other land to

his son, the defendant Louis, for a valuable considera-tion, part of the consideration being the payment of $350 to his sister, the defendant Katherine. For this $350 the defendant Louis executed a mortgage upon this land to his sister Katherine, which mortgage is still subsisting, but there is no controversy touching the fact that the $350 was a gift or advancement from her father to Katherine, and that she paid no valuable consideration therefor.

After the defendant Louis became the grantee of the land, he paid one installment of the annuity of $16 to the plaintiff, who is his grandmother. There was no evidence showing positively that he at the time knew of the existence of this unrecorded mortgage, but there was evidence from which his knowledge of the fact could be legally inferred. It was shown that he had repeatedly gone with his father to pay this annuity, and that, on such occasions, the question of how this annuity arose was discussed in his presence. It was also shown that similar annuities were payable by his uncles and his aunts upon similar considerations, and that, at the time when he paid this annuity, he asked his grandmother whether the others had all paid, and, upon being informed that they were behind, he told her to send the constable after them and make them pay. It was also shown that, when his brother told him that he should pay this interest, if he had agreed to do so, he gave no straight answer. It was also shown that this matter was constant family talk, and that the defendant's brother-in-law was told by some one, who was probably the defendant himself, that he had given to his brothers and sisters only $350 out of the land, and had reserved $550 for himself, owing to this $200 charge upon the land. All these facts, taken together, were sufficient *prima facie* evidence of actual notice or knowledge on part of the defendant Louis that the land was subject to the charge of this annuity, and, when taken in connection with the fact that he was himself present at the trial,

and offered no evidence, either of himself or anyone else, to rebut the inference of actual notice or knowledge, the inference that he had such notice becomes next to unavoidable.

Actual notice of an unrecorded deed is essential to enforce it against a purchaser for value, but such notice may be shown by circumstances as well as by direct proof. *Maupin v. Emmons*, 47 Mo. 304; *Rhodes v. Outcalt*, 48 Mo. 367, 370; *Drey v. Doyle*, 99 Mo. 459. Nor is it necessary that notice of the exact nature of the lien should be shown, provided notice of a lien is shown, the nature of which the person sought to be charged could have easily ascertained by inquiry. *Bronson v. Wanzer*, 86 Mo. 408; *Meier v. Blume*, 80 Mo. 184, and cases cited. The fact that the defendant Louis was present at the trial, and failed to testify, does not shift the burden of proof from the plaintiff to defendant, but the plaintiff is entitled, *in aid of her evidence*, to the presumption that the defendant, being present upon the trial, would have rebutted the inference of notice by his own evidence, could he have done so, as the fact was one particularly within his knowledge.

These considerations dispose of the case of the defendant Louis. As far as the defendant Katherine is concerned, it suffices to say that she is a mere volunteer, and that the registry of the mortgage under which the plaintiff claims was not necessary to give it priority over the subsequent mortgage to her. *Aubuchon v. Bender*, 44 Mo. 560; *Fox v. Hall*, 74 Mo. 315, 317.

All the judges concurring, the judgment is affirmed.