A. H. HAYNES, APPELLANT, v. ARLA FIDLER, RESPONDENT.*

Kansas City Court of Appeals. April 29, 1929.

*Corpus Juris-Cyc. References: No annotations.

*A. H. Haynes* for appellant.

*J. N. York* for respondent.

ARNOLD, J.—This is a landlord and tenant case. The suit was instituted in a justice court in DeKalb county where the cause was tried to a jury, resulting in a judgment for defendant. An appeal was taken to the circuit court of said county where the cause was tried to the court sitting as a jury. At the close of plaintiff's case a demurrer to the evidence was sustained and judgment entered for defendant. A timely motion for a new trial was overruled and plaintiff has appealed.

The facts of record are that plaintiff was the owner of certain property in the village of Stewartsville in DeKalb county, Missouri; that defendant had occupied the premises of plaintiff for sometime prior to October 1, 1926, as a tenant from month to month; that on or about October 1, 1926, defendant moved out of said premises, locked the doors of the house and sent the keys to plaintiff by a neighbor who offered them to plaintiff; plaintiff refused to accept them and defendant's agent tossed them on to the porch of the house vacated. Plaintiff refused to pick them up and so far as the record shows they still remain where they fell. Suit was instituted to collect the rent for the month of October, 1926, and defendant paid the rent for that month. Thereafter this suit was begun by the filing of a petition in the justice court as above indicated, in words and figures as follows, after describing the premises, to-wit:

''That the aforesaid defendant vacated said premises on or about October 1, 1926, without giving this plaintiff any legal or lawful notice as is required by law to do so; and that said defendant when he vacated said premises did lock doors to said house and that by virtue of holding and keeping in his possession said keys and failing to surrender keys to aforesaid premises although notified to do; that he, this defendant still retains possession of said premises thereby depriving this plaintiff from access and entering into said house situated on aforesaid real estate; and this plaintiff further states that on November 9, 1926, this plaintiff caused to be served on said defendant notice demanding him to surrender said keys to aforesaid premises to Wm. Sprague, Constable of Washington Township, DeKalb county, Missouri, and upon his failure to do so, this defendant would become indebted to this plaintiff in the sum of fifty-six and two-thirds cents per day, his usual rent of premises, for each day

and every day said house remained closed and locked. Plaintiff further states that this defendant has in his possession said keys to premises or destroyed them, said keys being of the value of two dollars, and for depriving this plaintiff of said premises for a period of twenty-one days at fifty-six and two-thirds cents per day, amounting to the sum of $11.90. Sum total of $13.90, for which plaintiff asks judgment and possession of aforesaid premises and costs of this suit.''

From this petition we learn plaintiff is asking for possession of the property, the value of the keys, placed at $2; for depriving plaintiff of said premises for a period of twenty-one days at fifty-six and two-thirds cents per day, amounting to $11.90, making a total of $13.90 for which judgment is asked.

On November 26, 1926, plaintiff caused to be served on defendant by a constable the following notice:

''You are hereby notified that I, A. H. Haynes, through Mr. William Sprague, now demand of you to surrender and deliver at my request and risk and subject to my identification and approval, two copper household keys which you have or did have in your possession and belonging to my premises that you have just recently vacated in Stewartsville, Mo., said keys to be delivered at once to Mr. William Sprague, Constable of Washington Township, DeKalb county, Missouri, and if said keys are not delivered to the aforesaid William Sprague upon service of this notice on you, I will institute legal proceedings against you for the value of the keys and locks and all expense necessary to replace them upon doors to aforesaid premises, and furthermore, if you fail to deliver said keys as aforesaid, I hold you responsible for each and every day that said premises remain locked and closed in the sum of fifty-six and two-thirds cents per day until said keys are delivered to the aforesaid William Sprague subject to my approval and identification.

''Nov. 26, 1926.
''A. H. HAYNES.''

It is of record that at the close of plaintiff's case, the court asked defendant's counsel if he desired to file a demurrer; counsel thereupon filed oral demurrer to the evidence which the court sustained, as above stated. A few excerpts from plaintiff's evidence will show the reason for the court's ruling. The record contains the following dialogue between the court and plaintiff who acted as his own attorney:

''THE COURT: Well, now you brought a suit in the justice court, that has been settled, hasn't it?

''THE WITNESS: Yes, sir.

''THE COURT: For the rent for the month of October?

''THE WITNESS: Yes, sir, he paid that after I sued him.

"THE COURT: He paid the rent, that made him paid up to the 1st of November?

"THE WITNESS: Yes, sir."

Plaintiff stated the witness vacated the premises before he was sued.

"THE COURT: Then you sued him for the next month's rent because he hadn't given thirty days' notice?

"THE WITNESS: Yes, because he had possession of the keys and I had demanded them.

. . . . . .

"THE COURT: So you sued him for the month, and got the rent for the month after he vacated?

"THE WITNESS: Yes, sir.

. . . . . .

"THE COURT: Mr. Haynes, as I gather from this evidence you rented your place to Mr. Fidler and he agreed to pay you so much per month?

"MR. HAYNES: Yes, for a year.

"THE COURT: It was not in writing and was a rental from month to month. The statute says any rental payable by the month, although the terms are fixed for a year, if it is not in writing, in an incorporated town or village, it is rental from month to month. There is a special statute covering that. It seems that, then under the law, for him to vacate without giving you a month's notice, you had a right to collect for that month, for the following month, and you did that. You got all you were entitled to, you should have accepted the keys when they were tendered, because he had a right to send his agent just as well as he had a right to bring them in person. He had a right to send them by his agent. He did not have to send them by your agent. This woman was delivering the keys for him to you; it is the same as if he had delivered the keys to you in person. Defendant's demurrer will be sustained."

There are three assignments of error, viz., (1) that the court erred in rendering judgment for defendant; (2) in not finding for appellant; (3) because this suit is for the rent for November, 1926, and no notice of vacation was given before November 1, 1926. It is insisted that, under the provisions of section 6880, Revised Statutes 1919, plaintiff is entitled to recover rent for the month of November, 1926. This section provides for a month's notice in writing of intention to terminate a tenancy from month to month. Plaintiff testified that "about September, 1926," defendant wrote plaintiff a postal card stating he had left the keys to the rented property with Mrs. Pickett, a neighbor. Plaintiff also testified that thereafter he brought suit against defendant for the month of October, 1926; that he won said suit and defendant paid the judgment; that witness knew at that time that defendant had vacated the premises about October 1, 1926, pursuant to the postal card notice of date September 30, 1926; de-

fendant did not thereafter occupy the premises as a tenant but had not delivered the keys in the manner desired by plaintiff. It is plaintiff's position that he rented the premises to defendant for a period of one year, though not in writing, and that the rent was payable from month to month. This position is not borne out by the petition nor by the testimony of plaintiff and the court, sitting as a jury, was warranted in finding, under the evidence, that there was a tenancy from month to month. Further the court was warranted in holding as it did inferentially that the postal card notice of intention to vacate the premises November 1, complied with the statutory requirement as to notice. Plaintiff insists he should have had additional written notice of such intention thirty days prior to November 1, 1926, in order for defendant to be relieved from payment of rent for that month, under section 6880, Revised Statutes 1919. This view, of course, is untenable in the face of plaintiff's testimony that he received the postal card notice above referred to, of date September 30, 1926. Section 6880 provides, in part, as follows:

". . . all contracts or agreements for the leasing, renting or occupation of stores, shops, houses, tenements or other buildings in cities, towns or villages, not made in writing, signed by the parties thereto, or their agents, shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the other party, or his agent, one month's notice, in writing, of his intention to terminate such tenancy."

Plaintiff insists the tenancy here in question was not terminated by the said acts of defendant. In support of this position plaintiff cites the case of State v. Crumes et al., 3 S. W. (2d) 229. We have examined this case and find it to be an appeal from the circuit court of Lincoln county, Missouri, where defendants were found guilty of the sale of "moonshine" liquor. We find therein no ruling directly or indirectly touching the merits of the present appeal. Plaintiff also cites Brashears v. Tel. Co., 45 Mo. App. 433. We find this was an action to recover damages for alleged failure of defendant to transmit a telegram over its wires. Nowhere in that opinion is there discussed or determined any question involved in the appeal before us. Plaintiff also cites Werner, exec. v. Litzinger, 45 Mo. App. 106. On examination we find that case was in equity to foreclose a deed of trust and the opinion discusses no question involved in the appeal before us. Likewise in the case of Gartside v. Pahlman, 45 Mo. App. 160, the question involved, discussed and decided is the elementary requisites of a gift *inter vivos*. By no stretch of imagination can we find the cases cited by plaintiff have any application whatever to the issues presented in this appeal. Finally, under his point 3, plaintiff urges:

"This lady, Mrs. Miriam Pickett, spoken of in appellant's bill of exceptions, who was a witness in the justice court, could have been

easily produced in the higher court had the respondent so desired. This witness to whom respondent gave some keys does not know whether they were the keys to said premises or not. When this appellant refused to accept keys, this lady, Mrs. Miriam Pickett, should have returned said keys back to respondent Fidler. This appellant believes in his own mind that this respondent Fidler did knowingly take advantage of Mrs. Pickett and shifted the burden of trick and chicanery and conduct unbecoming a gentleman in every respect upon the shoulders of this lady, Mrs. Miriam Pickett, for which the respondent deserves the most severe rebuke. This appellant further states to this court that respondent never did, or offer to establish, agency of any nature whatever.''

This language, of course, may be considered indicative of plaintiff's gallantry, but as applied to the facts herein, it may not be accepted as conclusive or in any way convincing of plaintiff's right to recover rent for the month of November, 1926, under the law and the facts. There is no error of record. The judgment is affirmed.

*Bland, J.*, concurs; *Trimble, P. J.*, absent.

